No. 24,142.

HATTIE GOOCH, *Appellee*, v. (CHARLES GOOCH et al.) MYRTLE GOOCH, *Appellant*.

SYLLABUS BY THE COURT.

1. ALIENATION OF AFFECTIONS—*Separating Husband and Wife—Action for Damages—Limitation of Actions.* An action by a wife against those who wrongfully compel her to separate from her husband and to leave his home is not barred by the statute of limitations when that action is commenced within two years after separation, although the acts causing that separation were performed more than two years prior to the commencement of the action.

2. SAME—*Findings Supported by Evidence.* The answers of the jury to the special questions of fact were supported by evidence.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed January 6, 1923. Affirmed.

*S. B. Amidon, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of Wichita, for the appellant.

*J. Graham Campbell,* and *Ray Campbell,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover damages from the defendants for their wrongful acts in compelling the plaintiff to separate from her husband and to leave his home, and for alienating his affections. The action was tried only as between the plaintiff and the defendant Myrtle Gooch. Judgment was rendered in favor of the plaintiff, and Myrtle Gooch appeals.

1. The principal question argued is that the plaintiff's cause of action, if she had any, was barred by the statute of limitations at the time the action was commenced, on April 16, 1918. This question was presented to the trial court by demurrer to the petition, by demurrer to the evidence of the plaintiff, by requested instructions, and by a motion for a new trial.

The plaintiff and J. F. Gooch were married in March, 1915, and

in October of that year they went to his home in Sumner county to live. He had been married before, and the defendant Myrtle Gooch, his daughter, had been keeping house for him since the death of his former wife. When the plaintiff and her husband went to the home of the latter, Myrtle Gooch immediately stated her objections to the marriage of the plaintiff to J. F. Gooch, and continuously thereafter, until the separation of the plaintiff and J. F. Gooch, mistreated the plaintiff by constantly quarreling with her and often telling her she had to leave. Myrtle Gooch told her father that the plaintiff was not a fit person to be his wife and that he had to get rid of her. After a number of weeks, J. F. Gooch began to treat the plaintiff coldly, and on various occasions told her that she had to leave and get a divorce or that he would. On the night of April 15, he told her that she must leave. She left on April 16, 1916, and went to Wichita. A few days later, she attempted to have a long-distance telephone conversation with J. F. Gooch but, according to the findings of the jury, was prevented from doing so by Myrtle Gooch. The jury answered special questions as follows:

"1. Did the defendant Myrtle Gooch do any act after the 15th day of April, 1916, which in any manner alienated the affections of J. F. Gooch for the plaintiff? Ans. Yes.

"2. If you answer the foregoing question in the affirmative state what act or acts Myrtle Gooch did after said date. Ans. Interfering in telephone conversation and continuously exerting her influence with J. F. Gooch against the plaintiff.

"3. Were the affections of J. F. Gooch for the plaintiff, if any, alienated before the 15th day of April, 1916. Ans. Both before and after."

The plaintiff testified that J. F. Gooch had ceased to have any affection for her before she left and went to Wichita. The defendant contends that this action, being one for damages on account of alienation of affections, accrued when the affections were alienated. That is not all there is to the action. The petition alleged and the evidence tended to prove that there was a deliberate purpose and effort on the part of Myrtle Gooch to separate the plaintiff and J. F. Gooch. Those efforts continued until a separation was effected; and, according to the evidence and the findings, those efforts continued after the separation. This action is one against the defendant for damages caused by her wrongful conduct in bringing about that separation. Lawsuits of this kind are known as actions for damages for alienation of affections, but that is not necessarily the nature

of the actions. They are for damages for loss of *consortium.* A husband and wife may live together and have little or no affection for each other, but a person who causes one of the spouses under such circumstances to leave the other is liable in damages for the injury caused by the separation, notwithstanding the fact that no affection existed between the two. In the present case, a cause of action accrued when the plaintiff left her husband. (*Bockman v. Ritter,* 21 Ind. App. 250; *Farneman v. Farneman,* 46 Ind. App. 453, 457.) The action was not barred by the statute of limitations at the time is was commenced. (13 R. C. L. 1463; Note, Ann. Cas. 1912 C, 1183.)

2. Defendant Myrtle Gooch filed a motion to set aside the answers to the first and second questions submitted to the jury. That motion was denied. It is argued that there was no evidence to sustain those answers. The plaintiff testified that after she went to Wichita she attempted to talk to her husband over the long-distance telephone but was prevented from so doing by Myrtle Gooch. The evidence of the plaintiff was sufficient to sustain the answers to those questions.

The judgment is affirmed.