No. 24,180.

W. B. STANLEY, a sole trader doing business as THE STANLEY TIRE
· & RUBBER COMPANY, *Appellee,* v. WILLIAM W. WICKAM, *Appellant.*

SYLLABUS BY THE COURT.

1. SALE—*Transaction Between Nonresidents—Construction of Kansas Statute
   of Limitations.* Where a cause of action arises in another state between
   residents thereof, and the debtor, before the claim against him has been
   barred by the statute of limitations, comes to Kansas, an action against him
   may be brought here at any time before the expiration of the period of
   limitation fixed by our laws, beginning with his coming into the state.

2. SAME—*Evidence—Entries in Ledger.* It is not error to admit in evidence
   entries in a ledger shown to have been posted about thirty days after the
   transactions referred to, from a temporary daybook the nonproduction of
   which is accounted for.

3. NEW TRIAL—*Newly Discovered Evidence.* A motion for a new trial on
   the ground of newly discovered evidence is held to have been without
   merit for want of a showing of diligence.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion
filed January 6, 1923. Affirmed.

*P. Hayes,* of Atchison, and *James A. Troutman,* of Topeka, for the appellant.

*George L. Brown, Charles T. Gundy,* and *Ralph U. Pfouts,* all of Atchison,
for the appellee.

The opinion of the court was delivered by

MASON, J.: In an action begun July 7, 1921, the plaintiff recovered judgment on an account for goods sold, and the defendant appeals.

1. The goods were sold in Missouri, November 9, 1917, while
both parties were residents of that state. The defendant moved to
Kansas March 7, 1919. He contends that the action was barred by
the three-year statute of limitations (Civ. Code, § 17). His theory
is that the action began to run with the sale of the goods and was
not interrupted. It was not barred by the ordinary Kansas statute,
because that did not begin to run until he came into the state (Civ.
Code, § 20). It was not barred by the specific provision that where
a cause of action arising out of this state between nonresidents of
Kansas is barred by the local law it is also barred here (Civ. Code,
§ 21), because the Missouri statute of limitations (assuming it to

be the same as ours; nothing being pleaded or proved to the contary) ceased to run when he left that state (Civ. Code § 20). In the situation presented "when the debtor leaves the state where the action accrued, before the claim is barred, and comes to Kansas, *the ordinary statute of limitation of this state* begins to run in his behalf; for the action is deemed to accrue *within the meaning of section 17* whenever, after the maturity of the debt, the defendant comes into this state and thus gives the plaintiff an opportunity to sue him here." (*Perry v. Robertson,* 96 Kan. 96, 99, 150 Pac. 223.)

2. Complaint is made of the introduction of entries in a ledger showing the items of the account sued upon, on the ground of their secondary character, and because they were made too long after the transactions referred to. They were made about thirty days after the sales, from temporary daybooks which had been destroyed. The showing of the destruction of the books of original entry rendered the ledger admissible, even if otherwise incompetent, which is at least doubtful. (*The State v. Stephenson,* 69 Kan. 405, 76 Pac. 905; 22 C. J. 870.) The interval between the sale and the transfer of the entries to the ledger was not so long as to require their exclusion. (Civ. Code, § 384; 22 C. J. 882.)

3. A new trial was asked on the ground of newly discovered evidence, but no sufficient reason was shown for the failure to produce it at the trial.

The judgment is affirmed.