*386
 
 Weygandt, C. J.
 

 The question confronting the court in this case is whether the principies announced-in the similar case of
 
 Alropa Corp.
 
 v.
 
 Kirchwehm,
 
 138 Ohio St., 30, 33 N. E. (2d), 655, apply. The defendant contends that they do, while the plaintiff: insists that the two cases are distinguishable on the facts.
 

 In the syllabus in the
 
 Alropa case
 
 this court unanimously spoke as follows:
 

 “1. The validity and interpretation of a contract are governed by the laws of the state where such contract is made or is to be performed; but the remedies are governed by the laws of the state where the suit is brought. The limitation of actions relates to the remedy.
 

 “2. In Ohio, seals having been abolished, a stipulation incorporated in a deed whereby a grantee agrees to assume and pay a mortgage on the real estate involved is a contract in writing.
 
 (Cleveland Trust Co.
 
 v.
 
 Elbrecht, Trustee,
 
 137 Ohio St., 358, approved and followed.)
 

 “3: Under the provisions of Section 11234, General Code, the period of limitations of the state where the cause of action arose is applicable in an action brought thereon in Ohio if the limitation period in like causes ..of action under the law of such state is less than under the Ohio statute.
 

 “4. Though, under the provisions of Section 11221, General Code, fifteen years is the limitation of time fixed for an action upon a contract in writing in Ohio, the five-year limitation prescribed by the law of the state of Florida for an action upon a contract in writing, by reason of Section 11234, General Code, is applicable in an action brought in Ohio upon a written contract executed and to be performed in Florida.”
 

 In his amended petition the plaintiff alleges that at the time his cause of action accrued against the defendant the latter was out of the state of Florida and
 
 *387
 
 has been absent therefrom ever since. The plaintiff insists that the single fact of the defendant’s continuous absence from the state of Florida clearly distinguishes this case from the
 
 Alropa case
 
 and brings into operation the following. provision of Section 4648 (4) of the Compiled General Laws of Florida:
 

 , “If, when the cause of action shall accrue against a person, he is out of the state, the action may be commenced within the term herein limited after his return to the State; * *
 

 Specifically, the plaintiff contends that the effect of this provision is to toll the statutes of limitation in
 
 Ohio
 
 as well as in Florida so long as the defendant is absent from
 
 Florida.
 
 In the
 
 Alropa case
 
 this court held the shorter, five-year Florida limitation applicable to that action similarly instituted in Ohio but dis-similarly silent as to whether the defendant had been absent from Florida. Of what effect, then, is this additional fact in the instant case?
 

 It is the plaintiff’s theory that if Florida’s shorter, five-year limitation is to be given effect here, her tolling statute must by implication be accorded equal recognition here. In other words, the plaintiff contends that the
 
 absence
 
 of the defendant from
 
 Florida
 
 tolls the statute of limitation in both Florida and
 
 Ohio
 
 irrespective of the defendant’s
 
 presence
 
 in Ohio where he has been served with summons. However, a study of the previously quoted statutes of the two states discloses no implied legislative intention to give procedural effect to a so-called “absence” provision in a ■state in which a defendant is in fact present. It would indeed be an anomalous bit of logic to hold that although the defendant has been in Ohio and therefore subject to an action by the plaintiff in' this forum, nevertheless the statute of limitation has been prevented from running against the plaintiff in Ohio for
 
 *388
 
 no other reason than that the defendant has been absent from Florida.
 

 This court is of the opinion that the single factual difference does not distinguish this from the
 
 Alropa case, supra.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Williams and Turner, JJ., concur.