Marguerite **MARKSON**, Plaintiff,

v.

Jacqueline **SHELTON**, Defendant.

No. 267.

United States District Court
D. Kansas.

Sept. 29, 1954.

William J. Shaughnessy, Milwaukee, Wis., Blake A. Williamson, James K. Cubbison, Williamson, Cubbison & Vaughan, Kansas City, Kan., for plaintiff.

Donald C. Little and Frank L. Bates, Kansas City, Kan., Frank W. Files, Pawhuska, Okl., for defendant.

MELLOTT, Chief Judge.

The present issues arise on defendant's motion for summary judgment. The action was instituted by the filing in this court, on November 18, 1952, of a complaint seeking judgment on behalf of a citizen of Wisconsin, against a citizen of Kansas, for $150,000 actual, and $100,000 exemplary, damages. Summons was served November 24, 1952. The complaint, as amended, charges:

> "That on or about the 6th day of December, 1951, in Milwaukee, Wisconsin, the defendant, through her wiles and blandishments, enticed plaintiff's husband John W. Markson, M. D., away from his home and wantonly alienated his affection from this plaintiff, whereby he deserted plaintiff for the society of said defendant."

After answer was filed numerous depositions were taken, both for the purpose of discovery and for use as evidence. Largely on the basis of the depositions, supplemented by an affidavit of the defendant, it is contended there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

■ Many cases have dealt with the duty and responsibility of trial courts in passing upon such motions. It would serve no useful purpose to collate them here. It suffices to refer to the recent opinion by the Court of Appeals for this (the Tenth) Circuit in Zampos v. United States Smelting, Refining & Mining Co., 206 F.2d 171, 174. While the facts in the instant case leave it somewhat in "the twilight zone," this court has concluded that the moving litigant has not sustained the burden of showing that there is no genuine issue in respect of any material fact. In that view, the motion should be denied.

While what has been said is dispositive of the motion as originally filed, an issue somewhat obliquely raised has been found to be quite troublesome. The suit, counsel for the parties agree, is "for damages for alienation of affections;" and, inasmuch as the acts relied upon are alleged to have occurred on or about the 6th day of December, 1951, in Milwaukee, Wisconsin, the impingement of the statutes of limitation of that state, specifically pleaded in the answer, must at some time be determined. Whether it is properly within the ambit of questions which should be decided at this time is doubtful; but since it has been argued, briefed and considered, the court is of the opinion it should be discussed briefly. Purely as a background for the discussion, and without prejudice to either of the parties, a short and incomplete resume of the facts, gleaned from the pleadings, depositions and affidavit, is first set out.

Plaintiff and her former husband, a doctor of psychiatric medicine (hereinafter sometimes referred to as the doctor), who had been united in marriage in

1943, lived separate and apart after August 15, 1951—except probably for a brief period during the Labor Day week end of that year—and a final decree of divorce by default was granted to her on February 25, 1952. The petition for divorce had been filed December 19, 1951, in Ozaukee County, Wisconsin. The parties had previously settled their property rights by agreement. The doctor was subsequently married again on April 25, 1953; but not to either of the parties to this action. The defendant, a well-to-do woman of Indian and English descent, had been married to her second husband, Robert E. Shelton, in 1946. Two children were born the issue of that marriage. The marriage was dissolved by a decree of divorce by default granted to the husband following the filing of a petition in Johnson County, Kansas, in May of 1952. Property matters were settled by agreement and the custody of the children, except during the summer, was awarded to the mother, defendant here. Neither Shelton nor his former wife has since remarried.

The doctor and the defendant became acquainted in April, 1950, while he was completing his psychiatric training at a hospital or sanitarium in Topeka, Kansas, and she was there for treatment. Subsequently the doctor and his wife, plaintiff here, returned to Milwaukee, purchased a home and he began the practice of his profession. In April of 1951, defendant went to Milwaukee for additional psychiatric treatments; and whether the relationship between her and the doctor subsequent to that date was such as to justify the awarding of damages in this case is the issue for trial.

Counsel, in their discussion of the question whether the action is barred, refer to some of the dates mentioned above and to those shown in the schedule following, which appear to indicate the periods of time defendant was in Milwaukee, viz.:

| | |
|---|---|
| Apr. 12 to Apr. 22, 1951 | Oct. 14 to Oct. 20, 1951 |
| Apr. 29 to May 4, 1951 | Jan. 24 to Feb. 5, 1952 |
| May 8 to May 12, 1951 | Feb. 15 to Feb. 26, 1952 |
| May 16 to May 19, 1951 | May 10 to May 11, 1952 |
| June 25 to July 11, 1951 | May 14, 1952 |
| Sept. 16 to Sept. 21, 1951 | May 17 to May 18, 1952 |

By an amendment to defendant's motion for summary judgment, filed since the oral argument, it is stated the "evidence shows plaintiff's cause of action accrued more than one year before November 24, 1952, when defendant was served with process in this action" and that judgment should be entered in her favor "for the reason that plaintiff's action is barred by the one year Wisconsin Statute of Limitations, as alleged in paragraph 2 of defendant's answer * * *." Passing for the nonce the fact that the defense is an affirmative one, the respective contentions of the parties seem to be about as hereinafter indicated.

Counsel for the defendant, citing and quoting § 605, Restatement, Conflict of Laws, which, together with Comment, is shown in the margin,[1] outlines the development of the right of a wife to sue, under the statutes and decisions of Wisconsin, for the alienation of her husband's affection and contends that the suit must have been instituted, as provided in 330.22(2) Wisconsin Statutes 1953, Idem. 1951, within one year after the cause of action accrued. This occurred, so it is said, either when the doctor left the plaintiff on August 15, 1951, or, in any event, immediately after September 3, 1951 (Labor Day).

1. "§ 605. TIME LIMITATIONS ON CAUSE OF ACTION.

"If by the law of the state which has created a right of action, it is made a condition of the right that it shall expire after a certain period of limitation has elapsed, no action begun after the period has elapsed can be maintained in any state.

"*Comment:*

"a. This provision is not infrequent in the case of statutory wrongs and particularly in the case of the statutory action for wrongful death (see § 397, Comment b). The limitation need not be contained in the statute creating the right, but may be found in any statute specially directed at a qualification of the right. A general statute of limitations is not construed as conditioning rights."

Counsel for the plaintiff make several alternative contentions. First, it is contended that the cause of action did not accrue until the decree of divorce was entered February 25, 1952; second, it is urged that the statute of limitations "was tolled sufficiently long by defendant leaving the state" to make the action timely (Wis.Statutes 1953, 330.30 shown in the margin[2]); and third, that "the time when the cause of action accrued was late in November [1951] when * * * [plaintiff's] husband delivered * * * [an] ultimatum to her that she would have to file a divorce or he would proceed to get one * * *." The present discussion will be directed primarily to the second contention.

The Rule and Comment[1] epitomize Davis v. Mills.[3] If, as urged by defendant's counsel, the law of Wisconsin created the right of action in a wife for alienation of her husband's affection or loss of consortium *and* made a condition of the right that it expire at the end of the one-year period, then the present action would be barred.

 In the second edition of Cooley on Torts[4] it is pointed out that the courts of most of the states now hold that an action for alienation of a husband's affections or for loss of consortium may be maintained, some basing their conclusion upon common law principles and some more or less upon the various enabling statutes in favor of married women. While it is perhaps immaterial in this discussion, such actions may be maintained in Kansas.[5] The Supreme Court of Wisconsin, however, although not unanimously, held in 1890 in Duffies v. Duffies[6] that such an action could not be maintained in that state "on the ground of the wife's equality in right, or of 'a remedy for every wrong,' or of the coincidence of 'injury and damage,' or of the constitutional right of a remedy for 'injury to person, property, or character.'" It stated that the right to maintain such an action was "at least so doubtful" that the courts might well await a direct act of the legislature conferring it. The court declined to modify the rule of that case some thirteen years later (1903) in Lonstorf v. Lonstorf[7], notwithstanding the vigorous dissent of two judges, in which it was pointed out that that "court and the court of Maine" stood alone in holding that such an action could not be maintained by the wife. With that background the legislature of Wisconsin, in 1905, amended "section 2345 of the statutes of 1898 so as to enable a married woman to maintain an action in her own name for the alienation and loss of the affections and society of her husband."[8] Thus, it seems, counsel

---

2. *"Limitation when person out of state.* If when the cause of action shall accrue against any person he shall be out of this state such action may be commenced within the terms herein respectively limited after such person shall return or remove to this state. But the foregoing provision shall not apply to any case where, at the time the cause of action shall accrue, neither the party against or in favor of whom the same shall accrue is a resident of this state; and if, after a cause of action shall have accrued against any person, he shall depart from and reside out of this state the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action; * * *."

3. 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067.

4. 170, Vol. 2, Cooley on Torts, Fourth Edition, (1932) Callaghan & Company.

5. Powers v. Sumbler, 83 Kan. 1, 110 P. 97; Gooch v. Gooch, 112 Kan. 592, 211 P. 621; Roberts v. Dockstader, 144 Kan. 384, 61 P.2d 114.

6. 76 Wis. 374, 45 N.W. 522, 525, 8 L.R.A. 420.

7. 118 Wis. 159, 95 N.W. 961, 963.

8. The quoted language appears in the title to Chapter 17, Laws of Wisconsin, Reg. & Sp.Sessions 1905, the amendment, shown in italics, being: "She [every married woman] may also bring and maintain an action in her own name, and for her own benefit, for the alienation and the loss of the affection and society of her husband."

for the defendant is on firm ground in urging that the right of action was created by statute. Such seems to have been the holding, inferentially at least, by the Supreme Court of Wisconsin in later cases.[9]

■ But apparently the legislature of Wisconsin did not see fit to make a condition of the right to maintain such an action that it expire at the end of the one-year period now found in the general statutes of limitation. It is of course true, as counsel for the defendant urge upon brief, that it is not necessary the limitation or condition upon the right be contained in the same statute which grants it; but, as Mr. Justice Holmes pointed out in Davis v. Mills, supra, 194 U.S. loc.cit. 454, 24 S. Ct. loc.cit. 694, it should be "directed to the newly created liability so specifically as to warrant saying that it qualified the right." What, then, is the genesis of the one-year statute now relied upon?

■ For several years after the enactment of the new statute in 1905, shown in footnote 8, supra, an action "for damages for seduction or alienation of affections"[10] was not separately referred to in the general statutes pertaining to limitation of actions nor elsewhere in the Wisconsin statutes. The revision of 1911 collated and brought up-to-date the legislative enactments contained in the general statutes of 1898 and those subsequently passed. By Section 4222 Wisconsin Statutes 1911, subparagraph 5, a six-year limitation period was prescribed for an action to recover damages "for an injury to the person, character or rights of another, not arising on contract, except in case where a different period is expressly prescribed." One such express exception was an action against a sheriff or other officer for the escape of a prisoner, which was required to be brought within one year. Sec. 4225. By Chapter 588 of the Laws of Wisconsin 1915, effective August 23, 1915, Section 4225 was amended by adding the language now shown in 330.22 (2) Wisconsin Statutes 1953, providing that "actions for damages for seduction or alienation of affections" must be brought within one year. Thus the restriction upon the bringing of the present action, it would seem, is governed by the general provisions of the Kansas and Wisconsin statutes of limitation, as construed by the courts of those states, rather than by the rule espoused by counsel for the defendant.

■■ The time of the accrual of the action and the effect to be given to the tolling provision of the Wisconsin statute, shown in footnote 2, supra, remain for consideration. In Gooch v. Gooch [112 Kan. 592, 211 P. 622], cited in footnote 5, supra, the Supreme Court of Kansas held that a cause of action for alienation of affection—more properly denominated one to recover damages for loss of consortium—"accrued when the plaintiff left her husband", it having been shown in that case that the separation had been caused by the acts of the defendant.[11] The rule in Wisconsin seems to be essentially the same as in Kansas. Thus in Harris v. Kunkel,[12] upon which counsel for the plaintiff rely, while the Supreme Court of Wisconsin expressed the view that alienation is "accomplished when a judgment for divorce is entered, if not before", it is significant that the text cited[13] states that the "cause of action for enticing away plaintiff's husband accrues at the time of the enticement * * *;" and the principal case cited in support of the view that such occurs when there is a "separation of husband and wife" is the Kansas case of Gooch v. Gooch, supra. Moreover, in the very recent case of Kas-

9. Scholberg v. Itnyre, 264 Wis. 211, 58 N.W.2d 698 and cases therein cited.

10. The quotation is from 330.22(2) of the Wisconsin Statutes for 1953, which fixes the limitation for such actions at one year after the cause of action has accrued.

11. Cf. Bruner v. Martin, 76 Kan. 862, 93 P. 165, 14 L.R.A.,N.S., 775; Davidson v. Douglass, 129 Kan. 766, 284 P. 427.

12. 227 Wis. 435, 278 N.W. 868, 869.

13. 37 Corpus Juris 898.

per v. Enich[14] it was held by the Supreme Court of Wisconsin that the time a wife was "induced to desert" her husband, "fixes the time when the alienation was finally accomplished * * *." When that occurred is, of course, a fact to be determined from the evidence.

 What the evidence will ultimately disclose as to the periods of time defendant was in, or was absent from, the State of Wisconsin after the cause of action accrued, can now only be surmised. The period of limitation prescribed by the Kansas statute is two years.[15] The tolling provisions of the Wisconsin statute, if applicable, cannot in any event extend the time within which the action can be instituted beyond that period.[16] But may the plaintiff avail herself of the tolling provisions?

 There are authorities holding that the tolling provisions of the *lex loci* may not be invoked in the *lex fori;*[17] but the Kansas rule seems to be otherwise and is succinctly stated in Stanley v. Wickam.[18] As applicable here, the present action is not barred by the two-year Kansas statute cited in footnote 15. It is not barred by the "borrowing statute" of Kansas;[19] for that statute is applicable only to actions arising out of this state "between nonresidents of this state". It is not barred by the Wisconsin statute unless, peradventure, the evidence should show that the defendant had not been out of state the length of time specified in the tolling statute.

From what has been said it is apparent the court is of the opinion, and it now holds, that the motion for summary judgment, together with the amendment

thereto, should be denied. Appropriate order so providing will be prepared by counsel for the plaintiff. Settle as provided by the Rules of Civil Procedure, 28 U.S.C.A., and this court's Rules of Practice.

---

14. 265 Wis. 318, 61 N.W.2d 315, 316.

15. G.S.Kan.1949, 60–306. "Third. Within two years: * * * an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; * * *."

16. Restatement, Conflict of Laws, § 603.

17. Payne v. Kirchwehn, 141 Ohio St. 384, 48 N.E.2d 224, 149 A.L.R. 1217; Stevens v. Walker, D.C., 61 F.Supp. 441.

18. 112 Kan. 628, 211 P. 1117.

19. G.S.Kan.1949, *"60–310. Cause of action arising in another state between nonresidents of this state.* Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state."