**UNITED STATES of America ex rel. Dominick SABELLA, Plaintiff,**

v.

**NEWSDAY and Long Island Press and Suffolk County District Attorney, Defendants.**

**No. 70–C–358.**

United States District Court,
E. D. New York.
June 22, 1970.

---

Dominick Sabella, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for Suffolk County District Attorney; Hillel Hoffman, New York City, of counsel.

## MEMORANDUM

WEINSTEIN, District Judge.

In this civil rights action seeking an injunction and damages, plaintiff alleges a conspiracy among the District Attorney of Suffolk County and two newspapers, Newsday and the Long Island Press, to suppress evidence necessary for his defense to a criminal prosecution. Convicted of robbery and grand larceny, on April 22, 1966, he was sentenced to long prison terms.

The defendant Suffolk County District Attorney moves to dismiss the complaint chiefly for failure to state a claim for relief against him and because of bar by the statute of limitations. Neither ground has merit. The question of official immunity was not raised and we do not decide it. *Cf.* Fanale v. Sheehy, 385 F.2d 866 (2d Cir. 1967).

A series of overt acts are alleged including that the defendant Newsday's representative was "seen and heard to conspire with the Suffolk District Attorney" before taking the stand in his third and final trial and "was permitted to testify falsely. * * *"; and that the Long Island Press deliberately failed both to appear at this trial in response to a subpoena and to produce required records. This suffices to withstand a motion to dismiss. 42 U.S. C. § 1983. *See* Powell v. Workmen's Compensation Board, 327 F.2d 131, 137 (2d Cir. 1964) ("It was incumbent upon [plaintiff] to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy.").

## II.

The chief problem posed is whether this claim is barred by the statute of limitations. We hold that it is not. The New York tolling provision is applicable and, as a prisoner, plaintiff is entitled to its benefits.

Since there is no statute of limitations included in the Civil Rights Act, 42 U.S.C. § 1983, the state law analogue is the source of the appropriate limitations period. Campbell v. City of Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L. Ed. 280 (1895); Swan v. Board of Higher Education, 319 F.2d 56, 59 (2d Cir. 1963). The moving party relies upon New York's three year period. CPLR 214(2) ("an action to recover upon a liability * * * created or imposed by statute * * *"); Romer v. Leary, 425 F.2d 186 (2d Cir. 1970). This period runs from the time when the cause of action accrued (CPLR § 203 (a))—April 22, 1966—and would bar the claim unless the period was tolled.

Conforming to the American pattern, New York tolls its statute during imprisonment when the plaintiff is imprisoned at the time the cause of action—or in federal terminology, the claim for relief—accrues. CPLR 208 provides:

> If a person entitled to commence an action is, at the time the cause of action accrues, * * * imprisoned on a criminal charge or conviction for a term less than for life, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases * * * the time within which the action must be commenced shall be extended to three years after the disability ceases * * *. The time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues, * * *

*Cf.* New York Court of Claims Act, § 10(5) (claims against the state cognizable in the New York Court of Claims may be presented within two years after a disability such as imprisonment is terminated); Todzia v. State, 53 Misc.2d 200, 278 N.Y.S.2d 291 (Ct. of Cl.1967).

Plaintiff's cause of action did accrue at a time when he was imprisoned. While it is unclear whether he was in jail prior to his March, 1966 trial (*see* Brief of Relator-Appellant, United States ex rel. Sabella v. Follette, Docket No. 34,492, Second Circuit, indicating on page 9 that the plaintiff was incarcerated while awaiting trial), the conspiracy cause of action based on deliberate suppression of trial evidence did not accrue until plaintiff was sentenced on April 22, 1966, when he was surely in custody. *See* Gaito v. Strauss, 249 F. Supp. 923, 932 (W.D.Pa.), aff'd, 368 F. 2d 787 (3d Cir. 1966), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 139 (1967) (final date of conspiracy was sentencing); *cf.* Chartener v. Kice, 270 F.Supp. 432, 438–439 (E.D.N.Y.1967) (statute tolled if insanity caused by the malpractice); *but cf.* Mulligan v. Schlacter, 389 F.2d 231, 233 (6th Cir.

1968) (cause of action based on arrest without probable cause accrued prior to incarceration). Thus, if the state tolling statute is applicable in civil rights cases, this action is not barred.

■ Federal law determines whether to borrow all or part of a state statute of limitations in a case predicated upon federal substantive law—*i. e.*, whether to toll. Holmberg v. Armbrecht, 327 U. S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Esplin v. Hirschi, 402 F.2d 94, 103 (10th Cir. 1968), cert. denied, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969). As Mr. Justice Frankfurter put the matter:

> The implied absorption of State statutes of limitation within the interstices of the federal enactments is a phase of fashioning remedial details where Congress has not spoken but left matters for judicial determination within the general framework of familiar legal principles. Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946).

Congress has not determined the effect of imprisonment in civil rights cases. In the absence of a Supreme Court or Second Circuit precedent we turn to principle and analogy to determine the rule.

When applying a state statute of limitations to federal causes courts have generally tended to rely on ancillary state statutory provisions which affect the actual length of the limitations period. *See* Developments, Statutes of Limitations, 63 Harv.L.Rev. 1177, 1266–67 (1950). The reason is clear: a severe, short state statute may be considerably ameliorated by other state provisions; ignoring the softening criteria may lead to unintended and harsh cutting off of meritorious claims. Thus, reliance in federal question cases on state tolling provisions is common. *See, e. g.,* Barney v. Oelrichs, 138 U.S. 529, 11 S.Ct. 414, 34 L.Ed. 1037 (1891) (tolling because of defendant's absence from state); Moviecolor Limited v. Eastman Kodak Co., 288 F.2d 80, 83 (2d Cir. 1961); *cf.* International Union, UAW,

AFL–CIO v. Hoosier Cardinal Corp., 383 U.S. 696, 708, n. 11, 86 S.Ct. 1107, 1114–1115, 16 L.Ed.2d 192 (1966) (suggesting possible use of state saving statute); Cope v. Anderson, 331 U.S. 461, 464–468, 67 S.Ct. 1340, 1342–1344, 91 L. Ed. 1602 (1947) (adopting state borrowing provision); Skouras Theatres Corp. v. Radio-Keath-Orpheum Corp., 179 F. Supp. 163, 164 (S.D.N.Y.1959) (same).

█ The federal practice accords with the more general conflicts rule. Where a forum state borrows the statute of limitations of another state, it also takes "all its accouterments," including the foreign tolling provisions. American Surety Co. of New York v. Gainfort, 219 F.2d 111, 112 (2d Cir. 1955); see, e. g., Isenberg v. Ranier, 145 App.Div. 256, 130 N.Y.S. 27 (1st Dep't 1911); Anglo California Nat'l Bank v. Klein, 162 Misc. 898, 296 N.Y.S. 191, 201 (Sup.Ct. 1936); Devine v. Rook, 314 S.W.2d 932, 935 (Mo.Ct. of Appeals 1958); Stanley v. Wickam, 112 Kan. 628, 211 P. 1117, 1118 (Sup.Ct.1923); McKee v. Dodd, 152 Cal. 637, 93 P. 854 (Sup.Ct. 1908); West v. Theis, 15 Idaho 167, 96 P. 932, 935 (Sup.Ct.1908); McCann v. Randall, 147 Mass. 81, 17 N.E. 75, 80 (Sup.Judic.Council, 1888); see also Nolan v. Transocean Airlines, 276 F.2d 280, 283 (2d Cir. 1960), rev'd on other grounds, 365 U.S. 293, 81 S.Ct. 555, 5 L.Ed.2d 571 (1961); Lowell Wiper Supply Co. v. The Helen Shop, Inc., 235 F. Supp. 640, 644 (S.D.N.Y.1964); A. Goodrich and E. Scales, Conflict of Laws 153, n. 71 (4th ed. 1964); A. Ehrenzweig, Conflict of Laws 431, n. 9 (1962); ALI, Restatement of the Law, Second, Conflict of Laws, Proposed Official Draft, Part 1, § 142, Reporter's Notes at 493 (1967); Developments, Statutes of Limitations, 63 Harv.L.Rev. 1177, 1263 (1950); but see Payne v. Kirchwehm, 141 Ohio St. 384, 48 N.E.2d 224 (Sup.Ct.1943).

In the immediate area of concern in this case—civil rights actions—most federal courts have followed general principles and applied the appropriate state tolling policy, including that based upon plaintiff's imprisonment. See Still v. Nichols, 412 F.2d 778, 779–780 (1st Cir. 1969) (Maine); Shobe v. People, 362 F.2d 545 (9th Cir.), cert. denied, 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115 (1966) (California); Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963) (California); Horn v. Bailie, 309 F.2d 167, 168 (9th Cir. 1962) (Washington); Minchella v. Estate of Skillman, 356 F.2d 52, 53 (6th Cir. 1966) (Michigan); Francis v. Lyman, 108 F.Supp. 884, 885 (D.Mass.1952) (Massachusetts); Gordon v. Garrson, 77 F.Supp. 477, 480 (E.D.Ill.1948) (Illinois). Cf. Hughes v. Smith, 264 F.Supp. 767, 770 (D.N.J.1967), aff'd, 389 F.2d 42 (3d Cir. 1968) (no state tolling provision, New Jersey); Conard v. Stitzel, 225 F.Supp. 244, 247–249 (E.D.Pa.1963) (same, Pennsylvania).

Some federal courts have declared against a position favoring prisoners since they could "discern no reason why the statute should be tolled because [the plaintiff] was incarcerated." Knowles v. Carson, 419 F.2d 369, 370 (5th Cir. 1969) (Florida—but no applicable state tolling provision cited); Jones v. Bombeck, 375 F.2d 737, 739 (3d Cir. 1967) (Pennsylvania—same). See also Crawford v. Zeitler, 326 F.2d 119, 121 (6th Cir. 1964) (Ohio; no reference to tolling); Krum v. Sheppard, 255 F.Supp. 994 (W.D.Mich.1966), aff'd, 407 F.2d 490 (6th Cir. 1967) (Michigan; no reference to tolling). This position is not without justification.

The most significant factor militating against tolling because of imprisonment is that prospective plaintiffs have the capacity to bring civil rights suits even while confined. New York statutory provisions curtailing state prisoners' ability to sue do not apply to the bringing of civil rights suits in federal courts. Beyer v. Werner, 299 F.Supp. 967, 969–970 (E.D.N.Y.1969). See Weller v. Dickson, 314 F.2d 598, 601 (9th Cir. 1963). Compare New York Civil Rights Law § 79, suspending civil rights of such prisoners, with New York Correction Law § 6–b, allowing some damage suits against prison officials if

leave of state Supreme Court justices is secured; N.Y. Law Rev.Comm'n Rep. 505 (1953). Federal courts are continuously open to prisoner litigants seeking relief. *See* Wright v. McMann, 387 F.2d 519 (2d Cir. 1967); *but cf.* Shobe v. People, 362 F.2d 545, 546 (9th Cir.), cert. denied, 385 U.S. 887, 87 S.Ct. 185, 17 L. Ed.2d 115 (1966) and Weller v. Dickson, 314 F.2d 598, 601 (9th Cir. 1963) (the denial of the right to proceed in forma pauperis may ,be used to delay prisoner suits against wardens until termination of confinement). Prisoners filed 1,953 non-habeas private actions in federal courts during the fiscal year ending June 30, 1969, including 34 in this district. In addition, they filed 7,359 habeas corpus petitions—252 of them in this district—during the same period.

A further consideration against tolling the statute of limitations is that defendants in civil rights suits are usually public officials dealing with large numbers of people. Delay in bringing suit may make recollection by the defendant of the facts surrounding the complaint more difficult.

Nevertheless, a theoretical ability to sue is not a decisive argument against tolling. *See* Second Preliminary Report of the Advisory Committee on Practice and Procedure, New York State Legislative Document No. 13, at 58–59 (1958). The normally difficult situation of the untrained *pro se* plaintiff is compounded by prison confinement, making the right to commence an action of questionable value. Unable to answer calender calls, personally argue motions or actively seek legal assistance, the prisoner-plaintiff is likely to face an early dismissal of his actions on grounds unrelated to the underlying merits.

There is also good reason to have identical state and federal policies on tolling because of imprisonment. To protect against unfairness, we should assume that state prisoners are often aware of state law permitting them to postpone suits until after difficulties created by confinement are removed. The possibility that prisoners, unschooled in the procedural differences between state and federal courts, will be misled into relying on this general belief is sufficiently strong to support federal adoption of state policy.

If there is to be a separate federal policy on statutes of limitations or tolling in civil rights cases distinct from that of the states, it should be adopted by statute or higher appellate courts so that there is uniformity throughout the country. *See* A Limitation on Action for Federal Rights for Deprivation of Federal Rights, 68 Colum.L.Rev. 763, 773 (1968); *cf.* Hall v. DuPont, 312 F. Supp. 358 (E.D.N.Y.1970); Report of the Proceedings of the Judicial Council of the United States at 13 (1970) (approval in principle of tolling for prisoners under Federal Tort Claims Act). Such a national policy is more likely to become known to prisoners and is therefore less likely to lead to inadvertent loss of the right to sue.

The desire to postpone suits against prison officials until after termination of the plaintiff's incarceration has apparently motivated some federal courts to toll statutes of limitations. Williams v. Field, 394 F.2d 329, 331 (9th Cir. 1968); Shobe v. People, 362 F.2d 545, 546 (9th Cir.), cert. denied, 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115 (1966); Weller v. Dickson, 314 F.2d 598, 601 (9th Cir. 1963); *cf.* Still v. Nichols, 412 F.2d 778, 779–780 (1st Cir. 1969) (no prejudice in dismissing civil rights action seeking release and damages where state habeas corpus petition pending, since tolling provision keeps his claim alive). We do not rely upon this rationale in reaching our decision. In the Second Circuit prisoners' claims are adjudicated as promptly as circumstances permit. *See* Wright v. McMann, 387 F.2d 519 (2d Cir. 1967).

### III.

Since the running of the limitations period is tolled during the plaintiff's imprisonment and the other grounds for the defendant District Attorney's motion to dismiss have been rejected, his motion is denied.