**Theodore WEG, Plaintiff,**

v.

**Frank J. MACCHIAROLA, et al., Defendants.**

**No. 84 CIV. 4430 (PKL).**

United States District Court, S.D. New York.

March 2, 1987.

Hyman & Rubin, New York City (Ernest L. Mathews, Jr., of counsel), for plaintiff.

Frederick A.O. Schwartz, Jr., Corp. Counsel, New York City (David Drueding, Thomas C. Crane, of counsel), for defendants.

## OPINION & ORDER

LEISURE, District Judge:

Plaintiff, Theodore Weg ("Weg"), an employee of the Board of Education of the City of New York ("Board"), has brought this suit pursuant to 42 U.S.C. §§ 1983 and 1985, claiming that defendants [1]—officials of the Board, the Department of Investigation of the City of New York ("Department"), and the District Attorney's Office—deprived him of his civil rights as secured by the due process and equal protection clauses of the 14th Amendment of the Constitution of the United States. Specifically, plaintiff alleges that defendants, under color of law, formed a conspiracy whereby plaintiff was imprisoned without probable cause, subjected to criminal proceedings, denied advancement opportunities in his job and career, as well as the chance to practice his profession, and denied the opportunity to seek employment outside the Board. Weg further alleges that defendants destroyed his reputation, invaded his privacy, disrupted his family life, and damaged his mental and physical well being.

The action is now before the Court upon defendant Landes' motion for summary judgment and dismissal. Landes argues that (1) he is absolutely immune from liability to Weg for his actions in prosecuting the criminal proceeding against Weg; and (2) the complaint otherwise fails to state a cause of action against him.[2] For the reasons set forth below, the Court grants Landes' motion for summary judgment.

---

**1.** Defendants, named in both their individual and official capacities, are Frank J. Macchiarola, Chancellor of the Board; Stanley N. Lupkin, Commissioner of the Department of Investigation of the City of New York, E. Gordon Haesloop, Deputy Commissioner of the Department; Rolf Moultor, Director of the Computer Security Services Unit of the Department; Richard Halverson, Deputy Chancellor of the Board; David Wolowick, Director of the Bureau of Supplies of the Board; Dan V. Landes, Assistant District Attorney of Kings County; Frank Nevins, Police Officer, N.Y.P.D.; Joyce R. Coppin, Deputy Executive Director of the Division of Personnel of the Board; Lynne Coffin, Attorney for the Office of Legal Services of the Board; Joseph G. Barkan, Miguel O. Martinez, Amelia Ashe, Robert Christen, Irene Impellizeri, Marjory Lewis, James F. Regan, Members of the Board; and other unknown defendants.

**2.** In his Memorandum of Law ("D. Memo"), Landes briefly urges dismissal of the § 1985 claims against all defendants, as well, but since this was not specifically addressed in his motion, the Court does not reach this issue now.

## FACTUAL BACKGROUND

The following facts are developed from the affidavit of Theodore Weg, sworn to on October 2, 1986 ("Weg Aff."), and defendant's Rule 3(g) statement ("D. Statement")[3], as specifically indicated below.

Until his arrest in June of 1981, Weg was computer systems manager for the Board. He designed and developed computer systems on a computer reserved for research and development. Weg Aff., ¶ 5.

On June 24, 1981, Weg was arrested and issued a Desk Appearance Ticket. He was arraigned before a Judge of the Criminal Court of the City of New York for Kings County on July 2, 1981. D. Statement, ¶¶ 2–3.

Landes was an Assistant District Attorney in the Office of the District Attorney for Kings County from April, 1977 through June, 1982. *Id.* at ¶ 1. Landes was not involved in the initial decision to arrest and prosecute Weg, and did not participate in the case until he was assigned, on or around October 22, 1971, the responsibility for prosecuting the action against Weg. *Id.* at ¶¶ 4–6.

Pursuant to this assignment, Landes made several Court appearances, prepared two superseding informations, one on December 15, 1982 and one on January 5, 1982, and responded to various motions made in the case. The action was dismissed on April 14, 1981, by the Criminal Court of the City of New York for Kings County, on the grounds that it failed to state a crime, and failed to allege facts supporting each element of a crime. *Id.* at ¶¶ 7–8.

Landes participated in discussions within the District Attorney's office concerning whether or not to appeal, but was not responsible for the subsequent appeal. Apart from his prosecution of Weg, Landes had no other involvement with plaintiff. Landes left the District Attorney's office in June, 1982. *Id.* at ¶¶ 9–11.

Landes did not communicate, regarding Weg, with any fellow defendant in this case, except David Wolowick, Director of the Bureau of Supplies for the Board, Rolf Moulton, Director of the Computer Security Services Unit of the Department, Frank Nevins, a Police Officer with the N.Y.P.D., and E. Gordon Haesloop, Deputy Commissioner of the Department. All of these discussions took place within the scope of his duties as Assistant District Attorney and concerned the prosecution of Weg. *Id.* at ¶¶ 12–13.

Weg claims that Landes and the other defendants, acting under color of law, joined together in a conspiracy in violation of his civil rights and performed a series of discrete and specific acts in furtherance of this conspiracy. Landes allegedly joined this conspiracy, after it had already commenced, by assisting in these acts. Weg Aff. at ¶ 3. The only overt act Landes allegedly performed in furtherance of this conspiracy was the material alteration of a previously sworn complaint of Nevins and the presentation of this to the Criminal Court as if it were the sworn complaint of Nevins. *Id.* at ¶¶ 2, 4(a).

Landes's purported co-conspirators allegedly committed a number of other acts related to the conspiracy. Included among these are Weg's arrest, subsequent suspension, and the issuing of false and misleading publicity about Weg to the media and to many of Weg's business associates and professional contacts. *Id.* at ¶ 8. As a result of this alleged conspiracy, Weg suffered personal and professional injuries. *Id.* at ¶ 11.

## LEGAL DISCUSSION

A. *Summary Judgment*

█ Summary judgment shall be granted only if "there is no genuine issue as to any material fact" and the "moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On a motion

---

**3.** Plaintiff failed to file a Rule 3(g) statement of undisputed material facts. Thus all uncontroverted material facts set forth in defendant's statement are deemed to be admitted for purposes of this motion. Rule 3(g) of the Civil Rules of this Court.

for summary judgment, the Court is mindful of the rule that it "cannot try issues of fact; it can only determine whether there are issues to be tried." *Heyman v. Commerce and Indus. Ins. Co.*, 524 F.2d 1317, 1319–20 (2d Cir.1975) (citations omitted). Yet "it must be remembered that the mere existence of factual issues—where those issues are not material to the claims before the court—will not suffice to defeat a motion for summary judgment." *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir.1985). Furthermore, a party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted). While the Court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought," *Heyman, supra*, 524 F.2d at 1320 (citation omitted), if the evidence proffered to support plaintiff's theory and to rebut the motion for summary judgment "consists largely of conclusory statements ... [s]uch testimony, unsupported by documentary or other concrete evidence ... is simply not enough to create a genuine issue of fact...." *Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir.1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita, supra*, 106 S.Ct. at 1356 (citation omitted). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby*, — U.S. —, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted); *see also Ackerman v. Oryx Communications, Inc.*, 810 F.2d 336 (2d Cir.1987).

## B. *Immunity*

■ Landes' motion seeking summary judgment is based on his claim of absolute immunity for prosecutorial officers. The chief consideration for the Court is whether the doctrine of absolute prosecutorial immunity is applicable to the activities allegedly undertaken by Landes.

"In *Imbler* [*v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976),] the Supreme Court held that there is absolute immunity from § 1983 liability for those prosecutorial activities 'intimately associated with the judicial phase of the criminal process.'" *Barr v. Abrams, Mihaly, Tepper, Mullane, Bottiglieri, and O'Connor*, 810 F.2d 358, 360–61 (2d Cir.1987) (Kaufman, J.) (quoting *Imbler, supra*, 424 U.S. at 430, 96 S.Ct. at 994). In *Taylor v. Kavanagh*, 640 F.2d 450, 452 (2d Cir.1981), the Second Circuit held that the protected "'quasi-judicial activities' ... include the initiation of a prosecution and the presentation of the Government's case." (Citation omitted). "On the other hand, [the Second Circuit] pointed out where the prosecutors act in an 'investigative' or 'administrative' capacity, only qualified immunity operates." *Barr, supra*, 810 F.2d at 361 (citing *Kavanagh, supra*, 640 F.2d at 452; *Powers v. Coe*, 728 F.2d 97, 103 (2d Cir.1984)).

The doctrine of immunity for prosecutorial officials against claims arising from the performance of their duties serves an important policy goal. "The purpose of the immunity rule is to give to public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities." *Barr, supra*, at 361. It has long been felt that, without such immunity, government officials would be less vigilant and aggressive in the performance of their duties due to their concern over possible liability. *Scheuer v. Rhodes*, 416 U.S. 232, 239–40, 94 S.Ct. 1683, 1687–88, 40 L.Ed.2d 90 (1974). This fear is especially profound in the context of the judicial system which requires the vigorous prosecution of cases by an attorney for the government and the fair and impartial supervision and decision making of a judge or magistrate. *Imbler, supra*, 424 U.S. at 426-7, 96 S.Ct. at 993; *Taylor,*

*supra,* 640 F.2d at 453. Consequently, prosecutors and judges have been found to be absolutely immune under the common law from suits arising from acts pursuant to the performance of their official duties. *Imbler, supra,* 424 U.S. at 420, 96 S.Ct. at 990. That same absolute immunity has been extended to actions brought under § 1983. *Imbler, supra,* 424 U.S. at 427, 96 S.Ct. at 993.

As previously noted, not all the acts of a prosecuting attorney carry absolute immunity. In *Imbler,* the Supreme Court stressed the function of the action in question within the judicial system. Immunity attaches to actions which are part of the actual prosecution of a case under this test, while actions of an investigative or administrative nature do not carry absolute immunity. *Imbler, supra,* 424 U.S. at 430, 96 S.Ct. at 995. Thus, "immunity analysis rests on functional categories, not on the status of the defendant." *Briscoe v. La-Hue,* 460 U.S. 325, 342, 103 S.Ct. 1108, 1119, 75 L.Ed.2d 96 (1983).

In an attempt to aid in the determination of whether an act is classified within the prosecutorial function and, therefore, carries immunity, the Second Circuit approved a standard which focuses on the source of the harm suffered. *Lee v. Williams,* 617 F.2d 320, 322 (2d Cir.1980); *see also Powers, supra,* 728 F.2d at 97. Under this test, if the harm was caused by the pursuit of the criminal case against the aggrieved (i.e., from the decision to prosecute, the progress of the trial itself, or the verdict), absolute immunity bars any claim against the prosecutor. If, on the other hand, the harm suffered was caused by illegal searches, publicity, disclosures to the media, friends, or business and professional contacts, or any source other than the case itself, no immunity shielded the prosecutor. *Lee, supra,* 617 F.2d at 322; *Taylor, supra,* 640 F.2d at 453.

Applying these two standards outlined in *Imbler* and *Lee* to the facts alleged in this case, it is clear that the specific act which Landes allegedly performed was part of the prosecution of the criminal case against Weg. Any harm arising from the preparation of documents for submission to the Court is plainly connected with the prosecution of the case itself. Plaintiff's attempts to recharacterize Landes' act as the giving of testimony or the manufacturing of false testimony notwithstanding, absolute immunity attaches to this conduct, however reprehensible it might be.

## C. *Conspiracy*

Plaintiff also alleges that the specific act, the alteration of Nevins' statement, for which this Court has already held Landes immune, is a manifestation of Landes' general participation in the conspiracy among all the defendants to violate plaintiff's civil rights in contravention of § 1983.

■ It is well settled that co-conspirators are jointly responsible for the acts of each participant in the conspiracy. *Kashi v. Gratsos,* 790 F.2d 1050, 1054–55 (2d Cir. 1986); *Beltz Travel Service v. Int'l Air Transport Ass'n,* 620 F.2d 1360, 1367 (9th Cir.1980); *Superintendent of Insurance of the State of New York v. Freedman,* 443 F.Supp. 628, 638 (S.D.N.Y.1977). Although the specific act Landes allegedly committed carries immunity, that immunity may not extend to all the acts of co-conspirators. Thus, the Court must consider first whether in the context of the conspiracy claim, there are sufficient material facts alleged by Weg to withstand Landes' motion for summary judgment; next the Court must determine whether the nature of the acts of Landes' alleged co-conspirators are such that Landes would be immune from prosecution for these actions as well.

■ Conspiracy, like fraud, must be pleaded with sufficient specificity to permit the preparation of an appropriate response. It is " 'incumbent upon [plaintiff] to allege

with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy.'" *United States ex rel. Sabella v. Newsday,* 315 F.Supp. 333, 334 (E.D.N.Y.1970) (quoting *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2d Cir.1964)). *See also Jaffe v. Boyles,* 616 F.Supp. 1371, 1376 (W.D.N.Y.1985); *Lehigh Valley Industries, Inc. v. Birenbaum,* 527 F.2d 87 (2d Cir.1975); *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977). In the instant action, Weg alleges the existence of a conspiracy and a number of specific facts which he claims are manifestations and actions in furtherance of that conspiracy.

 The only overt act—the alteration of the sworn complaint—alleged to be committed by Landes carries immunity. While this does not necessarily mean that evidence of this act cannot be used to demonstrate Landes' participation in the alleged conspiracy, such act, in and of itself, does not suffice to indicate his involvement. Absent allegations that Landes participated in the conspiracy, in other than his prosecutorial role, he cannot be held liable for harm caused to Weg. *See Slavin v. Curry,* 574 F.2d 1256, 1264 (5th Cir.1978) (judge held not liable for alleged involvement in a conspiracy because his activities did not extend beyond judicial role).

In the instant action Landes' immunized activity is supplemented merely with plaintiff's allegation, conceded by Landes, that Landes discussed with the co-defendants— who were not fellow employees of the District Attorney's Office—the criminal case against Weg. In *San Filippo v. U.S. Trust Co. of New York, Inc.,* 737 F.2d 246 (2d Cir.1984), the Second Circuit held that meetings between a district attorney and witnesses, pursuant to the district attorney's prosecution of the case, did not pro-

vide evidence to allege sufficiently his participation in a conspiracy. *Id.* at 256. To permit meetings of this or a similar nature to be used as evidence of participation in a conspiracy would cripple prosecutors in the performance of their duties; such a ruling would clearly contradict the rationale underlying prosecutorial immunity because it would expose prosecutors to conspiracy charges in every case in which a prosecutor pursued the facts underlying the action.

The meetings between Landes and the co-defendants fall clearly within the reasoning contained in *San Filippo.* Landes interviewed the relevant parties whom any district attorney would ordinarily contact in the routine prosecution of Weg's case. Thus, this factor is not enough to support Weg's allegation of Landes' participation in the alleged conspiracy.

Accordingly, the Court finds that Weg's only concrete claims regarding Landes's participation in the purported conspiracy are both inextricably intertwined with Landes' prosecution of the case against Weg. The first—the material alteration of Nevins's affidavit—carries immunity and under *Slavin* is not sufficient to indicate Landes' involvement in the conspiracy. The second—the contact between Landes and his alleged co-conspirators—took place during routine meetings dedicated to the preparation and prosecution of the case against Weg. The use of each of these claims is disfavored. Therefore, the Court will certainly not permit the former to bootstrap the latter, or the converse thereof, into satisfying the standard necessary to plead a conspiracy. In sum, Weg's claims indicate merely that Landes was doing his job, however zealously. Without some allegation, independent of Landes' prosecutorial function, that he was involved in a conspiracy against Weg, there is simply no adequate basis for allowing this action to continue against Landes.[4]

---

4. Since the Court disposes of the action against Landes on the grounds of insufficiency of the allegations of conspiracy, it does not reach the question of whether Landes would be immune for the acts committed by the other defendants in furtherance of the conspiracy.

## CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is granted.[5]

SO ORDERED.

---

**5.** Landes' motion for sanctions pursuant to Fed. R.Civ.P. 11 is denied.