## KIRSCHBERG v. COGHLAN.

### (Supreme Court, Appellate Term. April 8, 1909.)

MUNICIPAL CORPORATIONS (§ 183*)—OFFICIAL ACTS—LEVY BY MARSHAL.

   The act of a .marshal of New York City in levying under a warrant of
attachment in good faith was an official act, and not a trespass; and
hence an action for wrongful levy was barred after one year, under Mu-
nicipal Court Act (Laws 1902, p. 1577, c. 580) § 304, making provisions
relating to the taking of property by sheriffs applicable to marshals,
etc., and under Code Civ. Proc. § 385, subd. 1, requiring suit against a
sheriff to enforce liability incurred in an official capacity to be brought
within a year.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
183.*]

.   Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

   Action by Jacob Kirschberg against Mary E. Coghlan, executrix of
the estate of William F. Coghlan, a marshal of New York City.
Judgment for plaintiff, and defendant appeals. Reversed and dis-
missed.

   Argued before GILDERSLEEVE, P. J., and SEABURY and
LEHMAN, JJ.

   James T. Moore, for appellant.
   J. Leon Brandmarker, for respondent.

   SEABURY, J. This action was originally brought against William
F. Coghlan, as a marshal of the city of New York, to recover dam-
ages for a wrongful levy made under a warrant of attachment alleged
to have been made by said Coghlan as marshal on September 27, 1906.
The action was commenced on March 26, 1908. The only question
involved upon this appeal is whether this action is barred by the stat-
ute of limitations.

   The pleadings and the proof show that in making the levy the de-
fendant assumed to act as marshal, and acted in good faith, believing
that he had authority to act. His act was, therefore, not merely colore
officii, but virtute officii. Under these circumstances his act must be
regarded, not as a trespass, but as having been done in his official
capacity. An action against a marshal for such an official act must be
brought within a period of one year, or it is barred by the statute
of limitations. Dennison v. Plumb, 18 Barb. 89. Section 304 of the
Municipal Court act (Laws 1902, p. 1577, c. 580) provides that:

   "All provisions of law in relation to the taking and restitution of property
by sheriffs of counties shall apply to the taking and restitution of property
by the said marshals, except that a marshal is not restricted in the per-
formance of his duty as such, to the territorial limits of a county, when
engaged in the service or execution of a process or mandates but is authorized
to act within the limits of the city of New York."

   Subdivision 1 of section 385 of the Code of Civil Procedure pre-
scribes that "an action against a sheriff or a coroner, upon a liability
incurred by him, by doing an act in his official capacity," must be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

commenced "within one year" after the cause of action has accrued. The acts complained of in this action were within the meaning of this statute, and an action against the marshal for his official act was within the one year period of limitation.

The judgment is reversed, and the complaint is dismissed, with costs to the appellant. All concur.