JOHN A. DOYLE, Plaintiff, *v.* W. BERTRAM PAGE, Defendant.

Supreme Court, Steuben County, July 6, 1927.

Pleadings — answer — action for services — defendant, after setting up general denial that he ,employed plaintiff, alleged separate defenses that work which plaintiff did was done for Steuben county, of which county plaintiff was sheriff — matters alleged in separate defenses may be shown under denials and are unnecessary — one-year Statute of Limitations (Civ. Prac. Act, § 51) has no application.

This is a motion to strike out separate defenses contained in defendant's answer to plaintiff's complaint to recover for services alleged to have been performed at defendant's request, investigating violations of the National Prohibition Act in Steuben county of which county defendant was sheriff in 1925. It appears that in addition to setting up a general denial of plaintiff's claim, defendant interposed separate defenses that the work which plaintiff did was done for Steuben county and that defendant, as sheriff, was duly authorized by the county to employ plaintiff. Since if material at all, these facts may be shown under the denials alleged, the allegations set up in the separate defenses are unnecessary and evidentiary and must be stricken out. A general denial puts in issue every fact which plaintiff must establish to succeed and permits the introduction of evidence controverting any fact which plaintiff must prove or which he is permitted to prove on the trial.

The one-year Statute of Limitations (Civ. Prac. Act, § 51), which bars recovery in an action against a sheriff upon a liability incurred by him when acting officially, has no application.

MOTION by plaintiff to strike out separate defenses and answers contained in defendant's second amended complaint.

*Sutherland & Dwyer* [*Eric P. Smith* of counsel], for the motion.

*Robbins, Phillips & Robbins* [*Dallas Newton* of counsel], for the defendant, opposed.

RIPPEY, J. Plaintiff alleges in his complaint that he resides in Monroe county and is a duly licensed private detective; that defendant resides in Steuben county of which county he was sheriff in 1925; that plaintiff conducted a series of investigations and obtained evidence of persons violating the National Prohibition Law within Steuben county, and that, upon such evidence, prosecu-

tions of persons for maintaining a public nuisance were had resulting in convictions in some cases. These allegations are admitted by the defendant.

The plaintiff further alleges that in April, 1925, defendant represented to plaintiff that he " was in possession of certain funds raised by a private subscription which were to be used for the purpose of conducting a private investigation as to violations of the National Prohibition Law in the County of Steuben;" that plaintiff made his investigations at the request of defendant relying upon the representation and that the reasonable value of his services and the amount of his disbursements in making such investigations aggregated $795.02 which sum, after demand, defendant has refused to pay. These allegations defendant denies. Plaintiff also seeks to recover $500 for his attorney's services in attempting to collect this bill. The question of the sufficiency of the complaint is not before the court and it will be assumed that it states a cause of action on contract against defendant individually. One of the principal issues thus framed and upon which there will be a contest at the trial are whether defendant, as an individual, hired plaintiff to secure this evidence agreeing to pay him out of funds privately subscribed. There is nothing in the complaint to indicate that plaintiff seeks to hold defendant because of a violation of his official duty as sheriff, nor is plaintiff suing the county of Steuben because of any liability existing against it arising through action by the defendant as its authorized agent. If plaintiff may recover at all in this action, it must be on account of defendant's liability arising out of his independent personal undertaking to pay.

In addition to the denials of defendant referred to, defendant sets up as a separate defense that the work which plaintiff did was done for the county of Steuben and that defendant was duly authorized by the county to employ plaintiff. These allegations are unnecessary and evidentiary. If material, all of these facts may be proven under the denials. It is fundamental that a general denial puts in issue every fact which plaintiff must establish to succeed and permits of the introduction of evidence controverting any fact which plaintiff *must* prove, or which *he is permitted to prove on the trial,* and that a specific denial of any particular fact which plaintiff *must* prove admits evidence of any matter disproving it. (*Greenfield* v. *Massachusetts Mutual Life Ins. Co.,* 47 N. Y. 430; *Griffin* v. *L. I. R. R. Co.,* 101 id. 348, 354; *Milbank* v. *Jones,* 141 id. 340; *Adams* v. *Lawson,* 188 id. 460; *Molloy* v. *Village of Briarcliff Manor,* 217 id. 577, 582; *Linton* v. *Unexcelled Fireworks Co.,* 124 id. 533; *Marshall* v. *Sackett & Wilhelms Co.,* 166 App. Div. 141.) In the case at bar plaintiff *must* prove that defendant acted in his

individual, not representative, capacity and defendant may prove under his denials the fact that, in employing plaintiff, he did so as the representative of Steuben county as he notified plaintiff at the time. (*Roemer* v. *Striker*, 142 N. Y. 134; *Whitney* v. *Whitney*, 171 id. 176; *Robinson* v. *Frost*, 14 Barb. 536.)

Defendant also sets up the one-year Statute of Limitations (Civ. Prac. Act, § 51) which bars recovery in an action against a sheriff upon a liability incurred by him when acting officially when such action is commenced more than one year after the cause of action accrued, but this statute has no application to the case at bar.

The second and third separate defenses and answers contained in the second amended answer should be striken out as unnecessary, with ten dollars costs.

So ordered.