**William EDWARDS, Plaintiff,**

v.

**The PEOPLE OF the STATE OF NEW YORK, Defendant.**

**No. 70 Civ. 705.**

United States District Court, S. D. New York.

June 10, 1970.

William Edwards, pro se.

Louis J. Lefkowitz, Atty. Gen. for State of New York, Arlene Silverman, Deputy Asst. Atty. Gen., of counsel, for defendant.

## MEMORANDUM

TENNEY, District Judge.

This is an action commenced *pro se* on February 20, 1970, against defendant, People of the State of New York, based on an alleged deprivation of civil rights under Title 42, United States Code, Section 1983. Plaintiff alleges that he was unlawfully sentenced to a term of four and one-half years on June 5, 1963 for the crime of attempted assault, although the maximum permissible term for that crime was two and one-half years' imprisonment, so that he was illegally imprisoned for two years.

The defendant moves herein, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. Plaintiff, in turn, moves for the assignment of counsel.

A brief recital of the underlying facts will serve to illustrate the complete absence of merit to the claim asserted.

In an eight-count indictment, filed January 15, 1959, plaintiff was charged with robbery in the first degree, grand larceny in the first degree, attempted rape in the first degree, burglary in the first degree, assault in the second degree with intent to rape, assault in the second degree with intent to prevent apprehension and possession of burglar's instruments, after prior conviction. In substance, the indictment alleged that plaintiff broke into and entered the victim's apartment, robbed her, attempted to rape her, and then assaulted a police officer to prevent apprehension.

On January 29, 1959, plaintiff was committed to the Psychopathic Ward of Bellevue Hospital in New York City for observation, examination and report as to his mental condition, and on May 1, 1959 was certified as psychotic by the Court of General Sessions and committed to Matteawan State Hospital. On May 10, 1963, upon receiving a report from

the Superintendent of the State Hospital that the plaintiff was now sane, the Supreme Court, New York County, ordered that plaintiff be returned and lodged in City Prison, to be produced in court on May 17, 1963. At the time plaintiff was returned from Matteawan, the aforesaid eight counts were still pending against him and had he been convicted after trial of the principal charge, *i. e.*, robbery in the first degree, he faced a maximum penalty of thirty years on that count alone (former Penal Law § 2125, McKinney's Consol.Laws, c. 40). However, on June 5, 1963, plaintiff was permitted to plead guilty to the charge of attempted assault in the second degree, and received, without objection, a sentence from Supreme Court Justice Gerald P. Culkin of time served and was discharged in open court.

Plaintiff now argues that since he could only be sentenced to two and one-half years' imprisonment after his plea of guilty to attempted assault in the second degree, the sentence of "time served" was illegal because it meant a sentence of approximately four and one-half years, the time he had spent in custody prior to the entry of judgment.

 The claim, as characterized by defendant, "is resourceful, but absurd". It is obvious that in pleading to the lesser charge plaintiff expected the benefit of a sentence of "time served", and the plea was a vehicle for that disposition. The Court had jurisdiction to accept a plea under the indictment, and, in accordance with the law, imposed no additional penalty (see former New York Penal Law § 2193).

Moreover, aside from the absurdity of the claim, other defects warranting dismissal may be briefly alluded to.

In the first place, defendant is not a "person" subject to suit under 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961); Williford v. People of California, 352 F.2d 474, 476 (9th Cir. 1965). If the claim is directed against Justice Culkin, the imposition of sentence was a judicial function to which judicial immunity applies. Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Gilland v. Hyder, 278 F.Supp. 189, 190 (E.D.Tenn.1967). Moreover, even were there a proper party defendant not immune to suit, it is clear that a plea of guilty and service of the sentence imposed effectively bars an action of false imprisonment. Bradford v. Lefkowitz, 240 F.Supp. 969, 975 (S.D. N.Y. 1965). And, finally, regardless of the foregoing this action is time-barred. C.P.L.R. 215; Swan v. Board of Higher Education, 319 F.2d 56, 59 (2d Cir. 1963).

Since the action is clearly subject to dismissal, it would be an "idle gesture" to request an attorney to represent plaintiff herein. Gilland v. Hyder, *supra*. Accordingly, plaintiff's motion for the appointment of counsel is denied and the complaint is dismissed.

So ordered.