**Henry BUSSUE, Plaintiff,**

**v.**

**Brodford LANKLER, Assistant District Attorney, et al., Defendants.**

**No. 71 Civ. 3795.**

United States District Court,
S. D. New York.

Jan. 27, 1972.

Henry Bussue, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, by Irving L. Rollins, New York City, of counsel, for defendant Roderick C. Lankler (sued herein as Brodford Lankler), Asst. Dist. Atty. of New York County.

J. Lee Rankin, Corporation Counsel, by Thomas F. Burchill, Fresh Meadows, N. Y., of counsel, for defendants Ninna, Jones and MacPherson.

GURFEIN, District Judge.

This plaintiff *pro se* brings this action pursuant to 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. §§ 2201, 2281. The Court's jurisdiction is invoked under 28 U.S.C. §§ 1331, 1343(3) and (4). The complaint arises from the prosecution of the plaintiff upon an indictment charging him with murder in the first degree, a charge on which he was acquitted by a jury in October 1967. The plaintiff is now a State prisoner on another charge.[1] The plaintiff seeks general damages of $500,000 and punitive damages of $500,000 from the defendant Lankler, an Assistant District Attorney of New York County, and Jones and Mac-Pherson, police officers in the Police Department of the City of New York.[2] He also charges Albert Ninna (deceased), the Warden of the Manhattan House of

---

1. The plaintiff is now serving an aggregate indeterminate sentence of not less than five years and not more than ten years for the crimes of assault (second degree) and criminally possessing a loaded pistol (a felony).

2. The defendant's correct name is Roderick C. Lankler.

Detention with violating his constitutional rights. The defendants move to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b) (1) and (2), and Rule 12(b) (6) for failure to state a claim upon which relief can be granted, in that the statute of limitations has run. The defendants also move for summary judgment pursuant to Fed.R.Civ.P. 56(b).

In Count 1 the plaintiff complains that Jones and MacPherson deprived him of his constitutional rights by forcing him "to submit to a gruling [sic] interrogation," denying him his rights of communication with his wife and his lawyer, and incarcerating him pursuant to the murder charge. He alleges that the two police officers wilfully absented themselves while Assistant District Attorney Lankler physically and verbally abused him. In Count 3 the plaintiff makes further general allegations that Lankler violated his constitutional rights. Invoking the doctrine of pendent jurisdiction, the plaintiff uses the allegations contained in Count 1 to support his right to recover damages for false arrest, assault, illegal imprisonment, and malicious prosecution as asserted in Counts 2 and 4.

In Count 5 the plaintiff alleges that from November 4, 1966 to October 1969 he was an inmate in the Manhattan House of Detention and that the defendant Ninna, acting as Warden of that facility, deprived him of his constitutional rights. The plaintiff alleges that "basic health regulation" was not observed, that Ninna "imposed arbitrary standards of communication on plaintiff as a non-felon," and that the plaintiff was forced into the overcrowded company of

" 'time' inmates from insane asylum, drunks, derelicts, many were constantly thrown into cells with inmates who were not sentenced and not convicted of any crime and many were thrown into plaintiff's cell without the necessary precaution."

■ Even assuming *arguendo* that the Court has the requisite jurisdiction and that the plaintiff states a colorable claim under § 1983, Counts 1 and 3 must be dismissed as time-barred. The period of limitation applicable to an action brought under § 1983 is "that which New York would enforce had an action seeking similar relief been brought in a court of that state." Swan v. Board of Higher Education of City of New York, 319 F.2d 56, 59 (2 Cir.1963). The plaintiff's cause of action derives from a statute (42 U.S.C. § 1983) and a three-year statute of limitations applies to "an action to recover upon a liability . . . imposed by statute . . ." New York CPLR § 214(2) (McKinney, 1963). See Swan v. Board of Higher Education of City of New York, *supra* at 60; Romer v. Leary, 425 F.2d 186 (2 Cir.1970); Laverne v. Corning, 316 F.Supp. 629, 634 (S.D.N.Y.1970); Beyer v. Werner, 299 F.Supp. 967, 969 (E.D.N.Y.1969).

The plaintiff was acquitted of the murder charge and released from prison on October 25, 1967. This action was commenced on August 5, 1971, well beyond three years after the date on which the plaintiff's disability ended and the statutory period began to run. New York CPLR § 208 (McKinney 1963).[3]

Although the plaintiff was not out of prison for a full three years after October 25, 1967, the reincarceration does not toll the statute.[4] " '[W]here a dis-

3. Section 208 provides, in pertinent part: "If a person entitled to commence an action is, at the time the cause of action accrues . . . imprisoned on a criminal charge or conviction for a term less than for life, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, . . . the time within which the action must be commenced shall be extended to

three years after the disability ceases or the person under the disability dies, whichever event first occurs; . . . ."

4. The plaintiff was free on bail on the assault and weapons charges described earlier from October 25, 1967 until May 9, 1968, when he was returned to prison pursuant to a conviction on those charges. He temporarily regained his freedom on September 23, 1968 pending the

ability existing at the time of the accrual of the cause of action is removed the statute will then run and will not be suspended by any subsequent intervening disability . . .'" Jordan v. State of New York, 56 Misc.2d 1032, 1035, 290 N.Y.S.2d 621, 626 (N.Y.Ct. of Claims 1968), citing Gershinsky v. State of New York, 6 A.D.2d 964, 966, 176 N.Y.S. 2d 667 (3rd Dept. 1958), aff'd, 6 N.Y.2d 798, 188 N.Y.S.2d 190, 159 N.E.2d 681 (1959). Counts 1 and 3 are time-barred.

The only cause of action which is alleged possibly to have accrued after October 1967 is asserted in Count 5 of the complaint. The plaintiff charges the then Warden of the Manhattan House of Detention with failure to abide by health regulations, failure "to supervise and control," and imposition of "arbitrary standards of communication on plaintiff as a non-felon . . ." These deprivations are alleged to have occurred between November 4, 1966 and the latter part of October 1969.

 The general claim that the Warden failed properly to enforce health regulations is insufficient to support a claim of deprivation of constitutional rights under Section 1983. See Church v. Hegstrom, 416 F.2d 449 (2 Cir.1969). Similarly, the alleged imposition of arbitrary standards on the plaintiff's attempts to communicate will not support a claim under Section 1983. There is no allegation that the alleged interference with the plaintiff's mail denied him access to the courts. "[T]his court will not

interfere, absent a showing of a resultant denial of access to the courts or of some other basic right retained by a prisoner." Argentine v. McGinnis, 311 F. Supp. 134, 137 (S.D.N.Y.1969); see generally, Sostre v. McGinnis, 442 F.2d 178, 199–201 (2 Cir.1971). The plaintiff's assertion that the Warden failed "to supervise and control" is simply too general to meet the pleading requirement in a Civil Rights case. See Valley v. Maule, 297 F.Supp. 958 (D. Conn.1968). Furthermore, the plaintiff's more specific allegations of general disorder, discomfort and inconvenience in the Manhattan House of Detention suggest the deprivation of no right "secured by the Constitution and laws . . ." 42 U.S.C. § 1983. Federal courts simply cannot enforce the opening or closing of windows in cold weather, occurrences alleged to be in violation of constitutional rights.

Accordingly, all claims against the defendants Jones and MacPherson are dismissed pursuant to Fed.R.Civ.P. 12(b) (6) as time-barred. The claims against the defendant Ninna, Warden of the Manhattan House of Detention, must also be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b) (6). See Powell v. Workmen's Compensation Board, 327 F. 2d 131, 137 (2 Cir.1964).[5] The plaintiff's pendent state claims for assault, false arrest and imprisonment, and malicious prosecution are also dismissed accordingly.[6]

So ordered.

appeal of his conviction, which was affirmed on December 12, 1970. The plaintiff returned to custody on March 12, 1971.

5. No substitution for the deceased Ninna has been made under F.R.Civ.P. 25, but in view of the plaintiff's *pro se* status, nothing has been made of this deficiency in pleading.

6. It would be unfair to the defendant Assistant District Attorney merely to dis-

miss the action against him on the ground that it is time-barred, leaving the possible inference that he may have been guilty of the grave charge of physically assaulting a prisoner. Mr. Lankler has sworn that he was not, in any event, the Assistant on the murder case in its early stages, that he was assigned only for the trial, and that his only conversation with the plaintiff was when he cross-examined him in open court.