Larry **CAMPBELL**, Individually and on behalf of all others similarly situated, Plaintiff,

v.

**J. W. PATTERSON** et al., Defendants.

No. 74 Civ. 314.

United States District Court,
S. D. New York.

May 6, 1974.

Larry Campbell, pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for defendants; David R. Spiegel, Asst. Atty. Gen., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, incarcerated at Eastern New York Correctional Facility ("Eastern New York"), appearing pro se, brings this suit in behalf of himself and "all others similarly situated presently and previously confined as inmates in the Eastern N.Y. Correctional Facility," alleging violations of their rights under the Constitution of the United States, especially the Eighth and Fourteenth Amendments, and 42 U.S.C., section 1983. The defendants are the Superintendent and the Deputy Superintendent; a physician; a head nurse and a correction officer, all employed at Eastern New York. Plaintiff's complaints are, essentially, that defendants have "subjected inmates to degrading and inhuman treatment, in violation of the Eighth and Fourteenth Amendments," "denied adequate medical care and treatment to inmates, in violation of the Eighth and Fourteenth Amendments," and "discriminated against inmates because they are black, in violation of the Fourteenth Amendment."

Plaintiff moves for a preliminary injunction dealing chiefly with the

medical treatment and facilities, and sanitary and fire safety practices at Eastern New York. The affidavits submitted by plaintiff in support of the motion, upon analysis, reflect dissatisfaction with medication prescribed for his "constant severe headaches" and other complaints. The detailed affidavit submitted by the defendant doctor and the accompanying medical records, however, indicate that plaintiff was treated in accordance with ordinary medical practice.[1] As to Eastern New York's alleged non-compliance with fire, safety and sanitation procedures, and federal drug and medicare regulations, no evidential facts have been submitted to support the claim for injunctive relief.

█ Finally, there is no basis for granting preliminary injunctive relief against alleged harassing or retaliatory actions by the defendants against plaintiff and others who support his suit. Plaintiff was transferred previously to another facility for diagnostic evaluation following an extensive history of neurological complaints. He has since been returned to Eastern New York and there is no support for any claim that the defendants intend to transfer him to another institution for retaliatory purposes. Under all the circumstances, the motion for preliminary injunctive relief is denied.[2]

█ Plaintiff's motion for the appointment of counsel is denied in the exercise of discretion,[3] since, as noted above, upon these papers there is no showing of probability of success.[4] Moreover, plaintiff has requested the designation of a named attorney. There is no showing that he has requested the attorney to represent him and that the attorney has declined to do so. Neither is there any showing that plaintiff has requested legal aid groups, especially those interested in prisoners' rights cases, to represent him and that they declined to do so.

█ In addition to opposing plaintiff's motion, defendants move to dismiss the complaint or for summary judgment. The only claims made by plaintiff with the requisite degree of specificity deal with his medical treatment; his other allegations are vague and conclusory and do not set forth a claim for relief.[5] To constitute a claim under section 1983 based upon insufficient or improper medical treatment, the conduct must "be so harmful that it can properly be characterized as a 'barbarous act' that 'shocks the conscience.'"[6] While it is recognized that pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers,"[7] nevertheless, construing plaintiff's allegations most liberally in

---

1. *See* United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970); Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969); *cf.* Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970), cert. denied, 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed.2d 335 (1971).

2. Pride v. Community School Board, 482 F.2d 257, 264 (2d Cir. 1973); Stark v. New York Stock Exchange, Inc., 466 F.2d 743, 744 (2d Cir. 1972).

3. *See* Ehrlich v. Van Epps, 428 F.2d 363 (7th Cir. 1970); Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir. 1969); Desmond v. United States Board of Parole, 397 F.2d 386, 391 (1st Cir.), cert. denied, 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968).

4. *See* Miller v. Pleasure, 296 F.2d 283, 284–285 (2d Cir. 1961), cert. denied, 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962).

5. *Cf.* Fletcher v. Hook, 446 F.2d 14, 15–16 (3d Cir. 1971); Finley v. Rittenhouse, 416 F.2d 1186 (9th Cir. 1969); Negrich v. Hohn, 379 F.2d 213, 215 (3d Cir. 1967); Birnbaum v. Trussell, 347 F.2d 86, 89–90 (2d Cir. 1965); Carlisle v. Bensinger, 355 F.Supp. 1359, 1362 (N.D.Ill.1973); Bussue v. Lankler, 337 F.Supp. 146, 149 (S.D.N.Y. 1972).

6. United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 866 (2d Cir. 1970); *see* Church v. Hegstrom, 416 F.2d 449, 451 (2d Cir. 1969); *cf.* Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970), cert. denied, 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed.2d 335 (1971).

7. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *see* Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); Conley v. Gib-

his favor, his claims of improper and inadequate medical treatment, if proven, would not entitle him to relief.

Plaintiff's motions are denied. Defendants' motion to dismiss the complaint is granted.[8]

son, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957) ; Jackson v. Statler Foundation, 496 F.2d 623 (2d Cir. 1974) ; *cf.* Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944).

8. The Court has disregarded the allegations of plaintiff's record of convictions and arrests submitted by defendants as irrelevant to the issues presented on the current applications.