Feliticia CARRASCO, Plaintiff,

v.

Herbert KLEIN, Individually and as Marshal of the City of New York, et al., Defendants.

No. 73 C 1214.

United States District Court, E. D. New York.

Sept. 3, 1974.

John C. Gray, Jr., Brooklyn Legal Services, Corporation B, by Stephen Dobkin, Brooklyn, N. Y., for plaintiff.

Sanders & Gutman, by Robert Gutman, Brooklyn, N. Y., for defendants Max and Albert Britvan.

Irwin Weinbaum, Brooklyn, N. Y., for defendant Herbert Klein.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This civil rights action invoking 42 U.S.C. § 1983 and 28 U.S.C. § 1343 is the subject of various dismissal motions by the defendant Klein and the defendants Britvan. Plaintiff sued Herbert Klein, a New York City marshal; Max and Albert Britvan, and 698 Associates, Inc., her landlords; Leon Nesbitt, a licensed New York State process server; and Ferraro Moving & Storage Corp. ("Ferraro"), a moving company employed by Klein. The complaint alleges that in 1971 plaintiff began residing in a rent-controlled Brooklyn apartment owned by the defendant landlords. On April 10, 1972, she and her family were evicted by Klein and Ferraro, acting under a warrant of eviction issued by the Civil Court of the City of New York, Kings County, for her default on a March 8, 1972, petition for non-payment of rent in February and March of 1972.

Plaintiff further alleges that Nesbitt signed an affidavit attesting his service of the petition and notice of petition in conformity with New York law (N.Y. Real Property Actions and Proceedings Law § 735), which was false. The affidavit of service was allegedly notarized by Max Britvan, who, it is claimed, violated his oath of office by failing to administer the required oath beforehand, even though he allegedly knew of its falsity. All of these acts, it is claimed, were done by the landlords, city marshal, movers and process server pursuant to a conspiracy to unlawfully evict plaintiff.

Finally, plaintiff alleges, Klein failed to serve her with a 72-hour notice of the Civil Court's warrant of eviction, as required by law, and her eviction ensued; her furniture was negligently and recklessly handled, and substantially damaged or stolen by Ferraro; she suffered severe emotional strain; and her family was dispossessed for ten days. On April 18, 1972, the landlords consented to restore her to the premises upon the payment of the rent demanded in the peti-

tion. Her furniture was returned on April 20, 1972 by Ferraro, who again allegedly recklessly and negligently damaged it.

Plaintiff seeks damages for violation by all defendants of 42 U.S.C. § 1983 in that, acting under color of State law, they deprived her of her property without due process, subjected her to unreasonable seizure of her home and effects, and invaded her privacy. Plaintiff's second cause of action is essentially a pendent State claim for damage to and/or conversion of plaintiff's furniture and possessions.

## I.

Britvan moves for dismissal against 698 Associates, Inc., on the ground that no such corporation exists. Plaintiff has consented to the dropping of 698 Associates, Inc. as a party to this action, and defendant's motion was orally granted at the time of argument.

## II.

■ Britvan also moves for dismissal under Rule 12(b)(1) and (6), F.R.Civ. P., for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction of the claim assertedly grounded in 28 U.S.C. § 1343.[1] The claim will survive preliminary scrutiny where it does not appear beyond doubt that no set of facts could be proven thereunder entitling plaintiff to relief. Haines v. Kerner, 404 U.S. 519, 520–521, 92 S.Ct. 594, 30 L.Ed.2d 652, reh. denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972).

■ Accepting the allegations at face value on this dismissal motion, California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 515–516, 92 S. Ct. 609, 30 L.Ed.2d 642 (1972), there can be little doubt that plaintiff states a viable claim against Nesbitt, the process server, cognizable in this court.[2] No jurisdictional amount is required, Lynch v. Household Finance Corporation, 405 U. S. 538, 548, 92 S.Ct. 1113, 31 L.Ed.2d 424, reh. denied, 406 U.S. 911, 92 S.Ct. 1611, 31 L.Ed.2d 822 (1972). At a minimum, plaintiff is entitled to protection of a federally secured Fourteenth Amendment right—procedural due process, an essential part of which, in the context of a pending civil proceeding such as the eviction proceeding here, is either actual notice thereof or constructive notice "reasonably calculated, under all the curcumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Schroeder v. City of New York, 371 U.S. 208, 211, 83 S.Ct. 279, 282, 9 L.Ed.2d 255 (1962); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).[3]

■■ Deprivation of that right is a valid claim, cognizable in this court, so long as it is accomplished by one acting under color of State law. Adickes v. S. H. Kress & Co., 398 U.S. 144, 166, 90 S. Ct. 1598, 26 L.Ed.2d 142 (1970). The conceptual difficulty in finding action "under color of State law" in the circumstances presented here may be considered resolved in plaintiff's favor in

1. Evaluation of the complaint to determine if there is a federal cause of action within the jurisdictional statute, 28 U.S.C. § 1343, and evaluation of whether the complaint sets forth a § 1983 claim upon which relief can be granted are, to say the least, closely related and largely inseparable determinations. When a dismissal is appropriate because there is no federal right, it is ordinarily on the merits (Rule 12(b)(6)), unless the asserted federal claim is wholly insubstantial and frivolous. Bell v. Hood, 327 U.S. 678, 682–683, 66 S.Ct. 773, 90 L.Ed. 939 (1946); C. Wright, Federal Courts § 18 at 62 & nn.

19–20 (2d ed. 1970). For convenience, the motions are treated together in the discussion.

2. However, Nesbitt, a named defendant in the caption of the complaint, is not a party inasmuch as he has not been served with a summons and complaint.

3. See Escalera v. New York City Housing Authority, 425 F.2d 853, 864 (2 Cir.), cert. denied, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970); McGuane v. Chenango Court, Inc., 431 F.2d 1189, 1190 (2 Cir. 1970), cert. denied, 401 U.S. 994, 91 S.Ct. 1238, 28 L. Ed.2d 532 (1971).

this Circuit. A duly licensed New York process server, executing a false affidavit of service of a summons on a defendant in a civil proceeding, may well be directly responsible for the absence of notice. Such "sewer service" is a denial of due process by one engaged in "essentially and traditionally a public function." United States v. Wiseman, 445 F.2d 792, 796 (2 Cir.), cert. denied, 404 U.S. 967, 92 S.Ct. 346, 30 L.Ed.2d 287 (1971). In *Wiseman* false affidavits of service by New York process servers resulting in default judgments were held acts "under color of law" within the meaning of 18 U.S.C. § 242, the criminal counterpart of 42 U.S.C. § 1983. *Id.* The court agrees with Judge Lasker's subsequently expressed view that since the limits of the State action doctrine are the same under both statutes,[4] "it is manifest that the same denial is cognizable under 42 U.S.C. § 1983." Santiago v. Siegel, 71 Civ. 2160, at 3 (S.D.N.Y. filed Feb. 22, 1972).[5]

But this does not mean anything more than that a federal claim has been made out against the process server. What about the landlord? Plaintiff resists the Britvans' motion on two theories, as articulated in the complaint: conspiracy and *respondeat superior*. Neither theory is without its added conceptual difficulties, but the conspiracy theory less so.

■ It is well established that private persons come within the ambit of §

1983 when they are "willful participant[s] in joint activity with the State or its agents." United States v. Price, *supra* n. 4, 383 U.S. at 794, 86 S.Ct. at 1157, 16 L.Ed.2d 267 (involving 18 U.S. C. § 242); Adickes v. S. H. Kress & Co., *supra*, 398 U.S. at 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (involving 42 U.S.C. § 1983). But here the alleged conspiracy is not between a private person and a State official (such as a policeman in *Adickes*), but rather one between one private person and another, where one, and only one, is initially brought within the scope of § 1983's State action requirement under the "public function theory" articulated in *Wiseman*. While the court's initial reaction, from a remedial standpoint, is that there would seem no logical reason to distinguish official and private State action when the latter is sufficiently public, the problem of remoteness does begin to enter.[6] Resolution of this question should be greatly facilitated by a fully developed record and trial briefs. In fact, unless a widespread conspiracy is proven, the question will largely disappear.[7] But for now, the court cannot say as a matter of law that no set of facts could be proved to justify plaintiff's conclusory allegation of a conspiracy cognizable under § 1983. In view of this holding, it is unnecessary to test the legal sufficiency of plaintiff's dubious *respondeat superior* theory to support a § 1983 claim against one or more of the defendants.[8]

---

4. Adickes v. S. H. Kress & Co., *supra*, 398 U.S. at 152 n. 7, 90 S.Ct. 1598, 26 L.Ed.2d 142; United States v. Price, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

5. *See* Scarver v. Allen, 70 C 253 (N.D.Ill. filed July 31, 1970) (Napoli, J.). *See also* United States v. Barr, 295 F.Supp. 889 (S. D.N.Y.1969); Judo, Inc. v. Peet, 68 Misc.2d 281, 326 N.Y.S.2d 441 (Civ.Ct., N.Y.Co. 1971).

6. In sorting out plaintiff's attempt to make a "federal case" of a wrongful eviction under State law, the court is reminded of an apropos question, drawn from an analogous problem in pendent jurisdiction: "In general, at what point does the 'non-federal tail begin to wag the federal dog'?" H. M. Hart &

H. Wechsler, The Federal Courts and The Federal System 926 (2d ed. 1973).

7. The conclusory nature of the conspiracy allegation is amplified by counsel's in-court admission that plaintiff at that point possessed no personal knowledge which would support the conspiracy theory against any defendants except Nesbitt and the Britvans. The allegation is on "information and belief." Compl. ¶ 19.

8. Viewing the civil rights statutes as contemplating personal involvement, courts have frequently—but not uniformly—held that the doctrine of *respondeat superior* has no place in a § 1983 action. C. Antieu, Federal Civil Rights Acts § 90 (1971) (collected cases, especially in the 1974 Supplement).

■ The Britvans argue that plaintiff's entire § 1983 claim is vitiated by the admission that she owed the rent that was due; *i. e.*, that despite the lack of notice she was not deprived of the opportunity to pay the rent, a complete defense to eviction. However, the merits of the State proceeding are not in issue here, only the question of a denial of plaintiff's right to notice of those proceedings, where, in theory, plaintiff would have had an opportunity to be heard and present whatever defense she had to a neutral judicial official instead of a city marshal armed with movers and an eviction notice. Beyond that, defendants' argument becomes incomprehensible. The subsequent payment of rent cannot amount to a waiver of a civil rights claim or an estoppel to assert it. Defendants' papers consistently failed to appreciate the distinction that must be drawn between a cause of action for wrongful eviction and one for deprivation of federally secured due process rights.

In view of the foregoing, the defendant Britvans' motion to dismiss under Rule 12(b)(6) is denied without prejudice to its later renewal when the case is ready for disposition on the merits.[9] As the claims raised here are obviously not frivolous, their jurisdictional motion under Rule 12(b)(1) can in no event be sustained and is therefore denied.

### III.

■ Defendants Britvan lastly move for dismissal for lack of subject matter jurisdiction, F.R.Civ.P. 12(b)(1), as to the alleged pendent State claims. This question is easily disposed of. Pendent jurisdiction of State claims exists, as a matter of constitutional power, whenever the State and federal claims "derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (footnote omitted).

The propriety of the trial court's exercise of that power is a question of discretion which remains open throughout the litigation. *Id.* at 726–727, 86 S.Ct. 1130, 16 L.Ed.2d 218. Without detailing the policy considerations such as comity, convenience, and economy which go into a proper determination, it is enough to say that the court has the power to assume pendent jurisdiction of the wrongful eviction claim in this case, and the record is wholly lacking in reasoned objection thereto. Accordingly, the motion must be denied as to plaintiff's second cause of action.

As for the claim against Klein and Ferraro for property damage during the eviction, Britvans' counsel cites no authority which suggests that parties not named in the cause of action (the Britvans) may assert a defense in favor of a defendant who either does not join in the jurisdictional attack (Klein) or has not become a party to the lawsuit (Ferraro).[10] But ignoring that,[11] the court is nevertheless preliminarily satisfied that, under the *Gibbs* test, the property damage claim is also within the court's pendent jurisdiction. Accordingly, the motion must also be denied as to plaintiff's third cause of action.

---

9. *E. g.*, the question of law presented here might be the basis of a motion for a directed verdict at the close of plaintiff's case. Rule 50(a), F.R.Civ.P.

10. The Britvans' counsel's total misapprehension of the jurisdictional issues involved is made clear when, apparently unaware of the concept of pendent jurisdiction, his attack is based solely on the failure to allege a sufficient jurisdictional amount. Defts. Britvan's Memo. of Law, pp. 7–9.

11. By virtue of Rule 12(h)(3), F.R.Civ.P.

## IV.

Defendant Klein moves to dismiss the action against him for failure to state a claim upon which relief can be granted, Rule 12(b)(6), F.R.Civ.P., in that any claim against him is time-barred by the statute of limitations.[12] The complaint alleges that the eviction took place on April 10, 1972.[13] This action was commenced by the filing of the complaint, Rule 3, F.R.Civ.P., on August 13, 1973, which tolled the statute.[14] Hence, the action is time-barred if a one-year statute applies, but not if a two-year or longer one applies. Klein contends, by virtue of N.Y.City Civil Court Act § 1609 (McKinney's 1963),[15] that N.Y. CPLR § 215(1) (McKinney's 1972),[16] a one-year statute of limitations, applies to *all* the acts of City Marshals. Plaintiff does not appear to dispute that § 1609 of the Civil Court Act makes the one-year statute sometimes applicable to a City Marshal, but instead argues that no one-year statute is applicable to this case, rather a three-year period, N.Y. CPLR § 214(2).[17]

The starting point for this question is the observation that since the Civil Rights Acts do not have any statutes of limitations of their own, "the applicable period of limitation is that which New York would enforce had an action seeking similar relief been brought in a court of that state." Swan v. Board of Higher Education, 319 F.2d 56, 59 (2 Cir. 1963). *Swan* was a § 1983 action for declaratory and injunctive relief and the court found CPLR § 214(2) to provide the applicable period.

Plaintiff cites extensive authority for the proposition that in New York federal courts the three-year period of § 214(2) would apply to a damage action under § 1983 as well.[18] Examination of those cases reveals none which actually dealt with the State law question that the *Swan* test raises here: whether one who might otherwise be specifically protected by statute under a shorter limitation period such as § 215(1) would enjoy that protection had this § 1983 action been brought in the New York State courts, rather than the lesser protection afforded by a three-year statute. Of

---

12. Klein has withdrawn a second motion, based on plaintiff's alleged failure to serve a timely notice of claim on defendant. N.Y. Gen.Munic.L. § 50–e (McKinney's 1965). Klein's reluctance is understandable; it seems fairly well settled that the notice of claim requirement is inapplicable to § 1983 actions. Laverne v. Corning, 316 F.Supp. 629, 637 (S.D.N.Y.1970); Beyer v. Werner, 299 F.Supp. 967, 969 (E.D.N.Y.1969).

13. Compl. ¶ 22.

14. Sylvestri v. Warner & Swasey Co., 398 F.2d 598, 604–606 (2 Cir. 1968); Bomar v. Keyes, 162 F.2d 136, 140–141 (2 Cir.), cert. denied, 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400, reh. denied, 332 U.S. 845, 68 S.Ct. 266, 92 L.Ed. 416 (1947).

15. Section 1609 provides, in pertinent part:
   "The authority of a marshal extends throughout the city of New York and all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases and in respect to the taking and restitution of property, shall apply to marshals."

16. Section 215 provides:
   "The following actions shall be commenced within one year:

"1. an action against a sheriff, coroner or constable, upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty, except the nonpayment of money collected upon an execution;

\*   \*   \*   \*   \*

"3. an action to recover damages for . . . false imprisonment . . . ."

17. Section 214 provides:
   "The following actions must be commenced within three years:

\*   \*   \*   \*   \*

"2. an action to recover upon a liability, penalty or forfeiture created or imposed by statute except as provided in sections 213 and 215;"

18. Beyer v. Werner, *supra* note 12; Laverne v. Corning, *supra* note 12; United States ex rel. Sabella v. Newsday, 315 F.Supp. 333 (S.D.N.Y.1970); Bussue v. Lankler, 337 F.Supp. 146 (S.D.N.Y.1972). Plaintiff cites (erroneously) Chubbs v. City of New York, 324 F.Supp. 1183 (E.D.N.Y.1971), which merely quoted from a memorandum filed in the case. 324 F.Supp. at 1187. *See also* Romer v. Leary, 425 F.2d 186, 187 (2 Cir. 1970).

the cited cases, *see* note 18 *supra*, only *Beyer* fairly raises the question of a possibly shorter period by virtue of § 215.[19] Even then, Judge Dooling found that an action against county police officers did not come within CPLR § 215 "literally or in substance . . ." 299 F.Supp. at 967.

To support his view that § 215 is appropriate here, Klein cites Edwards v. People of State of New York, 314 F. Supp. 469 (S.D.N.Y.1970). In that case, an action brought *pro se* under § 1983 for false imprisonment, the court dismissed the action on the merits, noting the claim was "absurd." *Id.* at 471. In passing the court noted numerous other defects, including the fact that the action was time-barred under CPLR § 215, citing *Swan, supra.*[20]

The *Edwards* dictum and the general lack of clear precedent under the *Swan* rule necessitates an examination of New York law. In so doing the court must be mindful that a State statute otherwise applicable is always vulnerable if it discriminates against a cause of action arising under a federal statute. Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 176, 63 S.Ct. 172, 87 L.Ed. 165 (1942); Caldwell v. Alabama Dry Dock & Shipbuilding Co., 161 F.2d 83, 85–86 (5 Cir. 1947).

The cases under § 215(1) draw a sharp distinction between affording protection for acts done in an official capacity and those not so done. Thus the sheriff, or marshal as the case may be, was protected by § 215(1) for making a false return,[21] for negligence in injuring another while working on a garage erected on county land adjacent to the county jail,[22] and for levying under an attachment in good faith.[23] On the other hand, the statute was held unavailable as a defense to an action to recover fees allegedly illegally exacted from the county for services by the coroner,[24] or when there was nothing in the complaint indicating that a plaintiff sought to hold a sheriff liable because of a violation of his official duty.[25]

Klein's alleged involvement here includes entering into a conspiracy to unlawfully evict plaintiff from her home, failing to serve a notice of eviction as required by law, and the execution of an illegal eviction under color of law. Compl. ¶¶ 19, 21–23. With the above State cases as a guide, it is difficult to conclude as a matter of law that the plaintiff could prove no set of facts under her claims which would show that Klein was not acting in his official capacity. Moreover, plaintiff strongly urges that under the *Caldwell* doctrine, no State limitation statute singling out for protection special privileged persons —arguably designed more for the protection of the municipality than the individual—can be applied in a § 1983 action, citing Beauregard v. Wingard, 230 F.Supp. 167, 173 (S.D.Cal.1964). The court is reluctant to consider this important and delicate question of comity, wholly unanswered by defendant, on the

---

19. *Sabella* dealt with a tolling question under § 214(2) in a case where § 215 was wholly inapplicable and was not discussed. 315 F. Supp. at 334. *Bussue* did not reach the question as the action was time-barred under either a three-year or a one-year statute. 337 F.Supp. at 149. *Laverne* likewise did not deal with § 215 at all. 316 F.Supp. at 633–635.

20. Plaintiff's counsel views the citation to § 215 in *Edwards* as erroneous, stating that § 214(2) was apparently "intended." Pltff's Memo. of Law 4 n. 1. This court cannot lightly make that assumption. Starting from the presumption of accuracy in a brother judge's opinion, his intention may well have been to rely on § 215, especially subsection (3) thereof (see note 16 *supra*).

21. Wiener v. Ellrodt, 243 A.D. 820, 278 N.Y. S. 458, aff'd mem. 268 N.Y. 646, 198 N.E. 537 (1935).

22. Boehm v. County of Suffolk, 20 Misc.2d 365, 188 N.Y.S.2d 280 (Sup.Ct.1959).

23. Kirschberg v. Coghlan, 62 Misc. 629, 115 N.Y.S. 1078 (1952).

24. Ehlers v. Blood, 22 N.Y.S.2d 999 (Sup. Ct.1940).

25. Doyle v. Page, 130 Misc. 149, 223 N.Y.S. 499 (1927).

pleadings.[26] The full record will afford a much better opportunity to evaluate the legal implications of Klein's involvement in the eviction, and, depending on the proof, the question may become moot.

In view of the foregoing, the defendant Klein's motion is denied as to the § 1983 cause of action, without prejudice to its renewal in a proper manner at a later appropriate time. As for the pendent State claims, to which there would be no *Caldwell*-type issue, the court is still of the view that Klein's limitation defense ought to await development of the record, as bifurcated treatment of the question of whether the alleged acts were within his official capacity is unwarranted. Motion similarly denied as to the pendent State claims.

So ordered.

---

26. The cases cited in note 12 *supra* deal with the same general question in the context of a notice of claim filing requirement, a condition precedent to bringing suit in the State courts. The court does not view those holdings as controlling here. There are substantial differences between the notice of claim filing requirement and a statute of limitations, requiring *de novo* treatment of the issue.