Gerald C. **BRUNER**

v.

James **BATES**, Gregory **Taylor**, Wade **Dunaway**, James **Humphrey**, Richard **Ingram**, Steve **Tinder**, Rick **Fretz**, Christian **Castellaw**.

Civ. No. 3–80–164.

United States District Court,
E. D. Tennessee, N. D.

Sept. 9, 1980.

Norbert J. Slovis, William S. Zwick, Knoxville, Tenn., for plaintiff.

Robert H. Watson, Jr., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This matter is before the Court on defendants' motion for an order for judgment in their favor notwithstanding the verdict of the jury, or alternatively for a new trial. The motion is based on the theory that there was no evidence to support the verdict. Thorough briefs have been filed by the respective parties which have been carefully considered. The motions were argued at length by counsel on September 5, 1980.

■ Defendants did not make a motion for directed verdict during the trial, and under the applicable rule the Court is without authority to sustain a motion for judgment notwithstanding the verdict. Fed.R. Civ.P. 50(b).

■ The suit is based upon an alleged violation of 42 U.S.C. § 1983, commonly referred to as the Civil Rights Act. In order for any of the defendants to be held under that Act, personal involvement must be shown. See *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Sanberg v. Daley*, 306 F.Supp. 277 (N.D.Ill.1969); *Salazar v. Dowd*, 256 F.Supp. 220, 223 (D.Colo.1966). The proof failed to show that defendants Bates, Taylor, Dunaway, Humphrey and Fretz were personally involved in injuring plaintiff.

Counsel for plaintiff in his brief in opposition to defendants' motion asserts that there was concert of action on the part of all defendants, and this makes them all liable. In support of his position he cites the cases of *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Cullen v. New York State Civil Service Commission*, 435 F.Supp. 546 (D.C.N.Y.1977); *Carrasco v. Klein*, 381 F.Supp. 782, (D.C.N.Y.1974) and *Velsicol Chemical Corporation v. Rowe*, 543 S.W.2d 337 (Tenn.1976). In the opinion of the Court, none of these cases is controlling under the facts in the case under consideration.

Plaintiff also contends that the defendants were engaged in a conspiracy and that one or more of the overt acts of the conspiracy was the violation of plaintiff's rights under 42 U.S.C. § 1983. A conspiracy was not pleaded in the complaint and there was no proof introduced at the trial showing a conspiracy.

Plaintiff also argues that while there was no direct evidence showing who inflicted the injuries to the head, it is undisputed that the injury was inflicted. Thus the plaintiff contends that all defendants are jointly liable for the injury. In view of the rule of personal involvement discussed above, we do not believe this theory is sufficient to hold all of the defendants under proof that was introduced at trial.

For the reasons indicated, defendants' motion for a new trial must be, and is sustained. A new trial will be held as soon as a convenient date agreeable to the interested parties can be found.

Order Accordingly.