**Robert SCOT, Plaintiff,**

v.

**Mario MEROLA, District Attorney, Bronx County, the State of New York, Kathleen Sera, Warden, Bronx House of Detention for Men, Robert Morgenthau, District Attorney, New York County, Otis Bantum, Warden, Rikers Island House of Detention for Men, Defendants.**

**No. 82 Civ. 5839.**

United States District Court,
S.D. New York.

Jan. 13, 1983.

---

Robert Scot pro se; Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, Pamela McGovern Gaskins, Asst. Corp. Counsel, New York City, of counsel.

Robert Morgenthau, Dist. Atty., New York County, New York City, for defendants Mario Merola, Kathleen Sera, and Otis Bantum; Norman Barclay, James M. McGuire, Asst. Dist. Attys., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff pro se, Robert Scot, brings this action under 42 U.S.C., section 1983, against various unnamed officers of the New York City Police Department, the State of New York, and the following four named individuals: Kathleen Sera, warden of the Bronx House of Detention for Men ("Sera"), Robert Morgenthau, New York County District Attorney ("Morgenthau"), Otis Bantum, warden of the Rikers Island House of Detention for Men ("Bantum"), and Mario Merola, Bronx County District Attorney ("Merola"). The matter is now before the Court on the named defendants' motions to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

On March 11, 1982, plaintiff was arrested in New York County for criminal possession of a weapon and criminal possession of stolen property.[1] On that date plaintiff was also arraigned on a fugitive affidavit based upon armed robbery charges filed against him in the State of Georgia. Plaintiff was remanded without bail on both matters, and confined to the Rikers Island House of Detention for Men ("Rikers Island"). On May 11, 1982, he pled guilty to the New York charges and was sentenced to a term of five years probation on June 23, 1982. Previously, on June 14, the Georgia fugitive affidavit was dismissed because the necessary Governor's Warrant had not then been issued.

Although the fugitive affidavit had been dismissed, and plaintiff had been sentenced to a probation term on the New York charges, plaintiff remained in custody by reason of a federal detainer, lodged against plaintiff at Rikers Island, based upon mail fraud charges pending in the United States District Court for the District of Arizona. While incarcerated on the federal detainer, the Governor's Warrant based on the Georgia charges issued and was also lodged

---

1. N.Y. Penal Law §§ 265.02, 165.45 (McKinney 1980).

against plaintiff at Rikers Island. After erroneously having been brought on one occasion to the Bronx County Criminal Court and on another to the Bronx County Supreme Court, petitioner was arraigned on the Governor's Warrant in the Supreme Court, New York County, on June 29, 1982. Just prior thereto, he had been transferred from Rikers Island to the Bronx House of Detention for Men. Initially he contested the validity of the Governor's Warrant and applied for a writ of habeas corpus pursuant to the Uniform Criminal Extradition Act.[2] However, thereafter he withdrew his application for the writ and executed a waiver of his right to the issuance and service of a warrant of extradition and to a writ of habeas corpus. On October 5, 1982, he was released from the Bronx House of Detention to the custody of the State of Georgia authorities and transferred to, and is presently incarcerated in, the Lowndes County Jail, Valdosta, Georgia, awaiting trial on the armed robbery charges.

■ Prior to his removal, plaintiff commenced this action on September 2, 1982. The allegations will be discussed below in conjunction with the various defendants' motions to dismiss. Before reaching those issues, however, plaintiff's requested relief will be considered. In essence, plaintiff seeks an order: (1) compelling defendants to produce and deliver to him relevant documents with respect to all charges against him; (2) dismissing all warrants other than the federal detainer; (3) releasing him immediately on his own recognizance pending the determination of this action; and (4) awarding monetary damages. It is clear that the extradition warrant having been executed, the second and third requests for relief have been mooted. Moreover, the State of Georgia, in whose custody plaintiff

now is and where plaintiff awaits trial on an armed robbery charge, is not a party to this action. Even were the State before the Court, plaintiff's request must fail because a section 1983 suit cannot be used to effect a release from incarceration.[3] Thus, plaintiff's demands devolve to a request for the production of information and monetary damages upon his 1983 claims.

■ In order to state a claim under section 1983 it must appear that a person caused injury to the plaintiff by abridging a "right, privilege, or immunit[y] secured by the Constitution and laws" of the United States.[4] Plaintiff's claim against the State of New York must be dismissed under section 1983: "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, ... and may not include a retroactive award which requires the payment of funds from the state treasury."[5] Keeping in mind the statutory requirement that only violations of protected interests can be redressed under section 1983, plaintiff's claims against the named individual defendants will now be addressed.

■ Plaintiff's first claim is against Warden Sera of the Bronx House of Detention for Men. He alleges that she unlawfully detained him under the Governor's Warrant because, to his knowledge, he "is not the person named in the Warrant"[6] and he had not been indicted for armed robbery in Georgia. However, as already noted, only a few weeks after this complaint was filed plaintiff, fully aware of the claims here advanced, had the opportunity to challenge that he was the person named in the extradition warrant but waived his right thereto and withdrew his petition for a writ

---

2. *See* N.Y.Crim.Proc. Law §§ 570.02 et seq. (McKinney 1971 & Supp.1982).

3. *See Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

4. 42 U.S.C. § 1983.

5. *Quern v. Jordan,* 440 U.S. 332, 338, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979) (citation omitted) (quoting *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)); *Monell v. Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978).

6. Complaint at 4.

of habeas corpus.[7] Since plaintiff's claim against Sera is based on his incarceration pursuant to the Governor's Warrant, the validity of which is no longer at issue, and the underlying premise of his charge that he is not the person named in the warrant is without factual foundation, it is dismissed.

Plaintiff next contends that Morgenthau, "through his employees, various assistants and designates,"[8] violated his right to due process of law by (1) obtaining the Governor's Warrant and failing to advise federal authorities of the termination of the State's weapons case in intentional disregard of an alleged agreement between plaintiff and the sentencing judge that plaintiff would be turned over to the federal authorities as soon as he was sentenced on the State charge, and (2) by attempting to arraign the defendant before the wrong courts, i.e., Bronx County Court and the Bronx Supreme Court. As to the latter charge, plaintiff alleges that he was taken to the two courts by reason of a conspiracy between Morgenthau and Merola, they being aware that those courts were without jurisdiction. His claims against the two District Attorneys must be dismissed. However variously stated, each instance of alleged violations of protected rights under section 1983 relates to prosecutorial conduct with respect to each of the pending proceedings and the prosecutors are entitled to absolute immunity.[9]

Finally, plaintiff claims that he was denied due process of law by defendant Bantum while he was incarcerated on Rikers Island because (1) his detention was unlawful, (2) Bantum did not inform federal authorities that proceedings on the New York weapons violations had ended and plaintiff was therefore available to face the federal charges, (3) plaintiff was confined in sub-standard conditions in that his housing area had no heat, broken windows and the temperature dropped below 50 degrees, and (4) Bantum withheld "critical information regarding the issuance of detainers and warrants against [the plaintiff's] person."[10] The only apparent basis for plaintiff's claim that his detention was unlawful has been addressed, and dismissed, above. Moreover, plaintiff's second and fourth claims do not implicate interests protected under section 1983. Plaintiff's third claim also suffers from this infirmity. Although characterized in the complaint as a denial of due process, the gist of plaintiff's charge is the alleged inadequacy of the conditions of his confinement. Thus, in testing the sufficiency of plaintiff's allegations for section 1983 purposes, the Court is required to apply a "cruel and unusual punishment" standard under the eighth amendment, and determine whether the conditions plaintiff alleges he was subjected to were "incompatible with 'the evolving standards of decency that mark the progress of a maturing society,' . . . or . . . 'involve[d] the unnecessary or wanton infliction of pain.'"[11] Plaintiff's allegations do not meet this test. Even accepting their verity,[12] plaintiff's charges fall far short of describing conditions that are either "shocking to the conscience" or "barbarous."[13] As Judge Gurfein has noted:

> allegations of general disorder, discomfort and inconvenience . . . suggest the deprivation of no right "secured by the Constitution and laws . . ." 42 U.S.C. § 1983. Federal courts simply cannot en-

---

7. See N.Y.Crim.Proc. Law § 570.50 (McKinney 1971).

8. Complaint at 5.

9. See Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); Taylor v. Kavanagh, 640 F.2d 450, 452 (2d Cir.1981); Lee v. Willins, 617 F.2d 320 (2d Cir.), cert. denied, 449 U.S. 861, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980).

10. Complaint at 6.

11. Estelle v. Gamble, 429 U.S. 97, 102 03, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976) (citations omitted).

12. Plaintiff was confined during late spring and early summer.

13. Sostre v. McGinnis, 442 F.2d 178, 191 92 (2d Cir.1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972).

force the opening or closing of windows in cold weather, occurrences alleged to be in violation of constitutional rights.[14]

Accordingly, the claims against Bantum are also dismissed.[15]

SO ORDERED.

---

**14.** *Bussue v. Lankler,* 337 F.Supp. 146, 149 (S.D.N.Y.1972).

**15.** Bantum also challenged the sufficiency of this count on the ground that plaintiff had failed to allege his personal knowledge of the conditions as required by this Circuit. *See, e.g., McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). Liberally construed, however, the complaint does allege Bantum's personal knowledge of the conditions of plaintiff's confinement, see complaint at 6, and the defendant has introduced no affidavit or other sworn statement putting this fact into issue. Thus, the Court does not accept this ground for dismissal.